ORLANDO STACKHOUSE, APPELLEE, V. NANNIE H. STACKHOUSE, APPELLANT.

FILED JANUARY 9, 1911.    No. 16,222.

1. **Divorce:** ADULTERY: EVIDENCE. In an action for a divorce on the ground of adultery, it is not always necessary to show the overt act; the charge may be sufficiently proved by the evidence of such circumstances as will lead a just and reasonable man's mind to the conclusion of guilt.

2. **Evidence** examined, the substance of it stated in the opinion, and found sufficient to sustain the judgment.

APPEAL from the district court for Harlan county: HARRY S. DUNGAN, JUDGE. *Affirmed.*

*Bernard McNeny* and *J. C. Saylor*, for appellant.

*J. G. Thompson* and *Gomer Thomas*, contra.

BARNES, J.

Action for divorce by the husband, in which the wife was charged with adultery. A trial in the district court for Harlan county resulted in a decree for the plaintiff, from which the defendant has appealed.

Defendant's only contention is that the judgment is not sustained by the evidence, and the question for our consideration is solely one of fact. We have read the evidence, from which it appears, beyond question, that the defendant, for nearly a year before her marriage with the plaintiff, made her home in Alma, Nebraska, with one Burdick (her alleged paramour), whose wife was in a state of ill health; that during that time their conduct toward each other was so affectionate as to excite notice and to cause comment; that during that period they, without the presence of the wife, visited at the home of one Vaughn, who lived in the country some distance from the town of Alma; that while at the Vaughn home they were so affectionate that the Vaughns were induced to believe that they were father and daughter; that they were discovered together in a buggy in Vaughn's barn in the night time by the hired man, and when upon inquiry it was found that they were not father and daughter, the Vaughns, who were respectable people, requested the man not to come to their home again unless he brought his wife with him; that this conduct continued up to about January, 1907, when the plaintiff and the defendant were married; that the plaintiff at that time had no knowledge of the foregoing facts; that immediately following the marriage plaintiff and defendant visited in Illinois for some six weeks, when they returned to Nebraska, the defendant going to the home of her alleged paramour in Alma, and the plaintiff going to his own home, where the defendant joined him in about a week thereafter; that they lived together at the Stackhouse home until about the 26th of July, 1907, when they separated, she going to the Burdick home and he remaining on the farm. It appears that the defendant and Burdick corresponded by letter during all of the time she lived with the plaintiff, letters passing between them as often as two or three times a week; that Burdick visited them frequently, and would nearly always remain in the house until after the plaintiff had departed to take up his farm work; that on one occa-

sion, when plaintiff suddenly returned to the house, he found defendant sitting on Burdick's lap. This aroused Stackhouse's suspicions, and he finally determined to secure one of the letters from Burdick to his wife. This he did, but, according to his testimony, he lost it before he found a favorable opportunity to read it. It appears that the defendant was expecting this letter, and when she failed to receive it she instituted inquiry, which disclosed that it had been delivered to her husband; she then demanded the letter of him, and, upon being told that it was lost, she became violent in her conduct and language toward him and threatened and attempted to commit suicide. This was shortly before the final separation, and no doubt hastened that event.

The record contains much other evidence of an incriminating nature. Without quoting the testimony, we may say that, although the overt act was not shown, still the plaintiff's conduct with Burdick was such as to warrant the district court in granting plaintiff a decree. In 14 Cyc. 693, it is said: "The charge of adultery may be sufficiently proved by evidence of circumstances leading to an inference of guilt. It is impossible fully to indicate the circumstances which will lead to such a conclusion, because they may be infinitely diversified by the situation and character of the parties, and by many other incidental matters which may be apparently slight and delicate in themselves, but which may have most important bearings in the particular case."

We think the evidence contained in the record is amply sufficient to sustain the decree, and the judgment of the district court is therefore

AFFIRMED.

REESE, C. J., and SEDGWICK, J., dissent.