## EVA ROTT v. HELEN GOEHRING.

(L.R.A.1916E, 1086, 157 N. W. 294.)

**Husband's affections — alienation of — by unmarried woman — action against — by wife — abandonment.**

1. An action by a married woman against an unmarried woman for alienation .

---

Note.—The right of a wife under modern married women's acts to sue for alienation of the affection of her husband is set forth in notes in 4 L.R.A. (N.S.) 643; 29 L.R.A. (N.S.) 842; and L.R.A.1915A, 67.

Generally, on the wife's right to sue for alienation of her husband's affection, see also notes in 28 Am. St. Rep. 217 and 46 Am. St. Rep. 472.

of her husband's affections will lie even though plaintiff's husband has not completely and in a literal sense abandoned her.

**Wrongful acts of defendant — conjugal affection — society — wife deprived. of — marriage contract — injury — recovery.**

2. If through defendant's alleged wrongful acts the plaintiff's husband was induced and persuaded to deprive plaintiff of the conjugal affection and society which the marriage contract entitled her to enjoy, she has a right to recover for the injury thus inflicted.

**Personal relations — wife's conjugal rights — violation of — protection.**

3. Section 4355, Comp. Laws 1913, which prescribes what is forbidden by the rights of personal relation, was not intended to prescribe the only rules of conduct as to the violation of the wife's conjugal rights. *Held*, further, following King v. Hanson, 13 N. D. 85, that subdivision 1 of said section gives to the wife the same protection as subdivision 2 gives to the husband.

**Liability — degree of fault — husband's conduct — defendant's conduct — exoneration.**

4. Defendant will not be exonerated from all liability merely because the plaintiff's husband may have been more blamable than defendant.

**Husband and wife — estrangement of wife — defendant — illicit relations with husband — action.**

5. The fact that plaintiff was estranged from her husband prior to his illicit relations with defendant will not defeat the action.

**Criminal conversation — action for — married woman — causes — allegations.**

6. Whether an action will lie by a married woman for criminal conversation, and also whether such a cause of action is alleged in the complaint, not decided for reasons stated.

**Illicit relations — direct proof of — not required — circumstantial evidence — sufficient.**

7. Direct proof of illicit relations is not required, circumstantial evidence being sufficient.

Opinion filed March 17, 1916.

Appeal from District Court of Logan County, *Nuessle,* J.

From a judgment in plaintiff's favor, defendant appeals.

Affirmed.

*Curtis & Curtis* and *H. P. Remington,* for appellant.

The complaint does not charge adultery or abandonment. His affections may have been alienated, but that is not a substantive cause of ac-

tion; it is merely an aggravation of damages, for the loss of consortium. Neville v. Gile, 174 Mass. 305, 54 N. E. 841; Bigaouette v. Paulet, 134 Mass. 123, 45 Am. Rep. 307; Evans v. O'Connor, 174 Mass. 287, 75 Am. St. Rep. 316, 54 N. E. 557; Lellis v. Lambert, 24 Ont. App. Rep. 653; Webber v. Benbow, 211 Mass. 366, 97 N. E. 758.

In such cases, the actionable wrong is the abandonment of the wife by the husband, from the improper influences of the defendant. Mere ineffectual attempt to alienate does not constitute actionable wrong. The question is, Did plaintiff's husband abandon her, and was this brought about by the wrongful acts of the defendant? King v. Hanson, 13 N. D. 85, 99 N. W. 1085; Humphrey v. Pope, 122 Cal. 253, 54 Pac. 847; Codoni v. Donati, 6 Cal. App. 83, 91 Pac. 423; Foot v. Card, 58 Conn. 1, 6 L.R.A. 829, 18 Am. St. Rep. 258, 18 Atl. 1027.

At common law an action for mere alienation cannot be maintained. A complaint by a wife which charges no adultery, no procuring, enticing, or harboring or secreting, does not state a cause of action. Houghton v. Rice, 174 Mass. 366, 47 L.R.A. 310, 75 Am. St. Rep. 351, 54 N. E. 843.

The right of action must be based on the loss of consortium, "the right to the conjugal fellowship of the husband, to his society, his support, and aid in every conjugal relation." Evans v. O'Connor, 174 Mass. 287, 75 Am. St. Rep. 317, 75 N. E. 316; Comp. Laws 1913, §§ 4331, 4355, subdiv. 1.

*A. B. Atkins* and *G. M. Gannon, W. S. Lauder* of counsel, for respondent.

The ancient theory of both the law and society that the wife was inferior to the husband, and in such cases as the one here presented "could suffer no loss or injury," is but a legal fiction, and even that long since faded away, especially in this country. She stands in a position to-day, possessed of every right of vindication for wrongs, and may seek and have the aid of our courts upon every just cause. Westlake v. Westlake, 34 Ohio St. 621, 32 Am. Rep. 397; Foot v. Card, 58 Conn. 1, 6 L.R.A. 829, 18 Am. St. Rep. 258, 18 Atl. 1027; Haynes v. Nowlin, 28 Am. St. Rep. 213, and note, 129 Ind. 581, 29 N. E. 389; Seaver v. Adams, 66 N. H. 142, 49 Am. St. Rep. 597, 19 Atl. 776; Bennett v. Bennett, 116 N. Y. 584, 6 L.R.A. 553, 23 N. E. 17; Dodge v. Rush, 28 App. D. C. 149, 8 Ann. Cas. 671; Deitzman v. Mullin, 108

Ky. 610, 50 L.R.A. 808, 94 Am. St. Rep. 390, 57 S. W. 247; 1 Cooley, Torts, p. 478.

In this state women have been entirely emancipated. Comp. Laws 1913, §§ 4350, 4411.

"No one should suffer by the act of another." Code, § 8254.

"For every wrong there is a remedy." Code, §§ 4350, 7257; Bennett v. Bennett, 116 N. Y. 584, 6 L.R.A. 553, 23 N. E. 17.

The wife can prosecute actions and recover for herself. Dodge v. Rush, 28 App. D. C. 149, 8 Ann. Cas. 671.

The wife has an action for damages against another woman for committing adultery with her husband. Scott v. O'Brien, 129 Ky. 1, 16 L.R.A.(N.S.) 742, 130 Am. St. Rep. 419, 110 S. W. 260; Seaver v. Adams, 66 N. H. 142, 49 Am. St. Rep. 597, 19 Atl. 776; Clow v. Chapman, 125 Mo. 101, 26 L.R.A. 412, 28 S. W. 328, 46 Am. St. Rep. 468, and note 472; Foot v. Card, 58 Conn. 1, 6 L.R.A. 829, 18 Am. St. Rep. 258, 18 Atl. 1027; Haynes v. Nowlin, 129 Ind. 581, 14 L.R.A. 787, 28 Am. St. Rep. 213, 29 N. E. 389; Westlake v. Westlake, 34 Ohio St. 621, 32 Am. Rep. 397; Hart v. Knapp, 76 Conn. 135, 100 Am. St. Rep. 989, 55 Atl. 1021.

In its broad sense, "consortium" means the right of the wife to the fellowship, company, co-operation, loyalty, and aid of her husband in every conjugal relation. Bigaouette v. Paulet, 134 Mass. 123, 45 Am. Rep. 307; Jacobsen v. Siddal, 12 Or. 280, 53 Am. Rep. 360, 7 Pac. 108; Crowell v. Truesdell, 67 App. Div. 502, 73 N. Y. Supp. 1013; Long v. Booe, 106 Ala. 570, 17 So. 716; Lockwood v. Lockwood, 67 Minn. 476, 70 N. W. 784; Betser v. Betser, 186 Ill. 537, 52 L.R.A. 630, 78 Am. St. Rep. 303, 58 N. E. 249; Reading v. Gazzam, 200 Pa. 70, 49 Atl. 889; Seaver v. Adams, 66 N. H. 142, 49 Am. St. Rep. 597, 19 Atl. 776; Kelley v. New York, N. H. & H. R. Co. 168 Mass. 308, 38 L.R.A. 631, 60 Am. St. Rep. 397, 46 N. E. 1063.

With respect to property, contracts, and torts, the wife has the same capacity as before marriage. Comp. Laws 1913, § 4411; Jaynes v. Jaynes, 39 Hun, 40; Deitzman v. Mullin, 108 Ky. 610, 50 L.R.A. 808, 94 Am. St. Rep. 390, 57 S. W. 247; Warren v. Warren, 89 Mich. 123, 14 L.R.A. 545, 50 N. W. 842.

In this class of cases, it is not necessary to a recovery that the wife show actual abandonment, actual abduction, or adultery. The loss of

consortium is the basis of her right to recover. Adams v. Main, 3 Ind. App. 232, 50 Am. St. Rep. 266, 29 N. E. 792; 1 Bishop, Marr. & Div. § 1361.

If the wife has suffered this loss, her right to redress is absolute; it cannot be made to depend upon any condition. Foot v. Card, 58 Conn. 1, 6 L.R.A. 829, 18 Am. St. Rep. 258, 18 Atl. 1027; Heermance v. James, 47 Barb. 120; Fratini v. Caslini, 66 Vt. 273, 29 Atl. 252, 44 Am. St. Rep. 843, and note 845.

Such a wrong is of great magnitude. Vollmer v. Stregge, 27 N. D. 589, 147 N. W. 797.

Proof of adultery or criminal conversation need not be by direct evidence; it may be by circumstantial evidence. 3 Rice, Ev. pp. 532, et seq.; 2 Greenl. Ev. 14th ed. §§ 40, et seq.; 21 Cyc. 1630, et seq. and notes.

The proof need not be beyond reasonable doubt. A preponderance is only necessary. Sieber v. Pettit, 200 Pa. 58, 49 Atl. 763; Reading v. Gazzam, 200 Pa. 70, 49 Atl. 889; State v. Leek, 152 Iowa, 12, 130 N. W. 1062, and cases cited; State v. Baker, 146 Iowa, 612, 125 N. W. 659; 1 Century Dig. § 31; Stackhouse v. Stackhouse, 88 Neb. 184, 129 N. W. 257; 14 Cyc. 693, et seq. and notes.

Fisk, Ch. J. Plaintiff had judgment in the court below for $1,500 and costs; and defendant has appealed, alleging insufficiency of the evidence and errors of law.

Counsel differ as to the nature of the action, appellant's counsel stating that it is for alienation of affections alone, while respondent's counsel assert that it is both for alienation of affections and for criminal conversation. In our judgment it matters little which is technically correct, for in this jurisdiction forms of action are expressly abolished,— § 7355 Comp. Laws,—and if the facts alleged in the complaint, when properly established, entitle plaintiff to any relief under the law, she may recover.

The complaint alleges:

1. "That the plaintiff, Eva Rott, is now and for seven years last past has been the wife of one Jacob J. Rott."

2. "That beginning about January 1, 1912, and continuing and including the months of April, May, June, and July, 1914, and while

this plaintiff was living, cohabiting with, and being supported by her husband, Jacob J. Rott, at Napoleon, North Dakota, and was so living with him happily as his wedded wife, and enjoying his affections, support, protection, and respect, and the defendant well knowing said Jacob Rott to be the husband of this plaintiff, and wrongfully intending to injure this plaintiff and deprive her of said husband's protection, society, aid and support, wilfully, wickedly, and maliciously gained the affection of said Jacob J. Rott, and has enticed him to have carnal intercourse with her, and has sought to persuade him and· entice him by protestations of love and otherwise to leave this plaintiff without support, and to go and live with defendant."

3. "That thereafter and at various times during the above-mentioned months, the defendant has continued her unlawful and wrongful intercourse with the said Jacob J. Rott, and is continuing and unlawfully and maliciously trying to entice the said Jacob ·J. Rott to desert this plaintiff, and to leave her without means of support or protection, and to go away with defendant, and has wilfully and maliciously debauched him, all of which has been against the plaintiff's will."

4. "That by reason of the premises the said Jacob J. Rott is no longer a dutiful husband, and his affection and regard for plaintiff have been destroyed, and plaintiff has been and still is wrongfully deprived by the defendant of the affection and regard of her husband, and the happiness and benefits which otherwise she would have received at his hands; that the plaintiff and her husband are the parents of three children all of whom are alive, and plaintiff is also suffering great distress of mind and body, and has suffered damage in the amount of five thousand dollars ($5,000)."

The answer admits paragraph one of the complaint, but denies generally all other allegations.

It will be observed that the very pith and marrow of the complaint is that the defendant alienated the husband's conjugal affections from the wife by persuading and inducing him to deny his conjugal society to her, and by enticing him to lavish on her his adulterous affections and society, and that she succeeded in repeatedly enticing and persuading him to have carnal intercourse with her.

Do these facts give rise to a cause of action to the wife? All must agree that defendant's conduct, if established as alleged, constituted a

most flagrant violation of and injury to the inherent marital rights of the plaintiff, and the question is as to whether the law affords her any redress for the detriment thus suffered by her.

Appellant's counsel assert that the action being solely for alienation of affections, and the proof disclosing that there was no actual *abandonment* of the wife by her husband, the action will not lie; and they cite and confidently rely upon the case of King v. Hanson, 13 N. D. 85, 99 N. W. 1085. We do not deem this case an authority in appellant's favor on this point. The question as to what constitutes abandonment and the necessity of proving the same was not up for decision in that case, and this for the obvious reason that it was expressly conceded that an actual physical abandonment had taken place, and the great contention between counsel was whether it took place in Wisconsin or in Minnesota or North Dakota, appellant's counsel contending that it occurred in the former state, and therefore the action would not lie because there was no actionable wrong under the holdings of the Wisconsin court. But this court expressly held that under the undisputed evidence the tort was consummated in Minnesota.

Conceding therefore, for the sake of argument, that the action at bar is one solely for alienation of affections, as appellant's counsel contend, we are to decide whether the fact that the plaintiff's husband did not actually and in the literal sense of the term abandon her will operate to defeat her right to recover. We are clear that it will not. To hold otherwise would, in our opinion, be a travesty on justice. To hold that the flagrant wrongs inflicted upon plaintiff's marital rights cannot be redressed in the courts unless the wrongdoer has actually succeeded in destroying the home by causing an actual abandonment thereof by the husband is contrary not only to common sense, but to our notions of natural justice. If counsel's contention is correct, what becomes of the maxims in the jurisprudence of this state, "No one should suffer by the act of another," and that, "For every wrong there is a remedy?" Wherever there is a valuable right, and an infringement thereof causing damage which is susceptible of admeasurement, the law will afford the injured person complete reparation, as far as possible.

The question here presented being one of first impression in this jurisdiction, we are free to adopt such rule as commends itself to our best judgment; and, regardless of what the courts may have held in

other places, we unhesitatingly decide that the sane, sensible, and sound rule is that announced by the Connecticut court in Foot v. Card, 58 Conn. 1, 6 L.R.A. 829, 18 Am. St. Rep. 258, 18 Atl. 1027, from which we quote: "It is the contention of the defendant that the admission by the plaintiff that she and her husband are still living together is an admission that she now has and enjoys all that the marriage contract can, or intended to, secure to her; and that she has neither in law nor in fact suffered any injury. But this admission is to be considered in the light of that made by the defendant, namely, that she has during the last fifteen years lived in continual adulterous intercourse with the husband,—an intercourse procured by her influence over him. Upon this admission it becomes certain that whatever may have been the measure or quality of the remnant of conjugal affection and society permitted to the plaintiff by the defendant, as a matter of fact, and of law as well, the plaintiff has been deprived of the conjugal affection and society which the marriage contract entitled her to enjoy and required her husband to give; and that a valuable right, absolutely sole in her and incapable of division, has been injured.

"It is not a prerequisite to the right of the plaintiff to maintain this suit in her own name that she should have been abandoned by her husband in the literal sense, nor that she should have actually separated herself from him by or without a decree of divorce. If she has suffered the wrong complained of, her right to redress is absolute; it cannot be made to depend upon any of these conditions. As long as she keeps her marriage contract, so long she has the right to the conjugal society and affection of her husband. Possibly she may regain these. This possibility is her valuable right. The defendant may not demand that she shall sacrifice it for the future as the price of redress for injuries in the past. Upon the pleadings there is a valuable right in the wife solely, and an injury thereto for which damages must be given to her solely, notwithstanding the fact that she is living with her husband; therefore the law cannot refuse its assistance. The rules of law which the defendant invokes for her protection are not applicable to the case." This court in the King-Hanson Case expressly gave its full approval to the pronouncement of the Connecticut court in the above case, as well as many like cases from other courts. We deem it useless to again cite them in this opinion. While the precise

point here under consideration did not arise in the King-Hanson Case, we have no doubt that this court would have approved the unanswerable reasoning and logic of the Connecticut court on such point had it been there involved. While, as appellant contends, § 4355 expressly forbids merely the *abduction* of the husband from his wife, and while it forbids the abduction or *enticement* of the wife from the husband, it by no means follows that this statute was intended to prescribe the only rule of conduct as to the violation of the wife's conjugal rights, leaving the wrongdoer to commit with impunity other violations of such rights. Moreover, this court, in King v. Hanson, expressly gave its approval to Humphrey v. Pope, 122 Cal. 253, 54 Pac. 847, holding to the effect that subdivision 1 of said section gives to the wife the same protection as subdivision 2 gives to the husband. This being true, appellant's argument is unsound.

The courts are quite unanimous in holding that the gist of actions of this nature is the loss of consortium, and they are also quite generally agreed that "consortium" means, as counsel for respondent argues, "something more than mere physical presence in the home. To entitle plaintiff to recover, it was not absolutely necessary to show actual abandonment—actual abduction—or adultery. . . ." "To understand this, we do not need to go to any musty tomes, nor resort to ancient court decisions; we need consult only our own common sense,— our sense of right and wrong, and what we, ourselves, know of human nature. We all know that nothing else—not even death itself—will cause a sensitive wife so much anguish, shame, misery, and heartache, as to learn that her husband has been untrue to his marriage vows or has transferred his affections to another. In such circumstances is the wife's agony any less—is the wrong done her any less—by the husband remaining in the family home with her? We know that, in such circumstances, the husband's presence in the family only intensifies the wife's agony—yet the whole defense is based on the assumption that if there was no actual abduction—no actual abandonment—the wife— the plaintiff—suffered no wrong for which the law affords her a remedy." As said in Adams v. Main, 3 Ind. App. 232, 50 Am. St. Rep. 266, 29 N. E. 792: "Whatever may have been the principle, originally, upon which this class of actions was maintainable, it is certain that the weight of modern authority bases the action on the loss of the *con-*

*sortium,*—that is, the society, companionship, conjugal affections, fellowship, and assistance. *The suit is not regarded in the nature of an action by a master for the loss of the services of his servant, and it is not necessary that there should be any pecuniary loss whatever."*

The fact, if it be a fact, that the husband was more to be blamed than the defendant, does not exonerate the latter from liability; nor will plaintiff's action be defeated because plaintiff was estranged from her husband prior to his illicit relations with defendant. Miller v. Pearce, 86 Vt. 322, 43 L.R.A.(N.S.) 332, 85 Atl. 620.

Having reached the above conclusion, it is immaterial to plaintiff's recovery whether the complaint also states a cause of action for criminal conversation, and also as to whether the latter kind of action will lie in this state at the suit of the wife. We shall therefore refrain from deciding this question; but the following authorities sustaining such an action may be of interest to the legal profession. They also lend support to our views above expressed: 8 Am. & Eng. Enc. Law, 2d ed. 261; Seaver v. Adams, 66 N. H. 142, 49 Am. St. Rep. 597, 19 Atl. 776; Dodge v. Rush, 28 App. D. C. 149, 8 Ann. Cas. 671. See also as in point on principle: Scott v. O'Brien, 129 Ky. 1, 16 L.R.A.(N.S.) 742, 130 Am. St. Rep. 419, 110 S. W. 260; Clow v. Chapman, 46 Am. St. Rep. 468, and note (125 Mo. 101, 26 L.R.A. 412, 28 S. W. 328); Haynes v. Nowlin, 129 Ind. 581, 14 L.R.A. 787, 28 Am. St. Rep. 213, 29 N. E. 389; Westlake v. Westlake, 34 Ohio St. 621, 32 Am. Rep. 397; Hart v. Knapp, 76 Conn. 135, 100 Am. St. Rep. 989, 55 Atl. 1021; Bennett v. Bennett, 116 N. Y. 584, 6 L.R.A. 553, 23 N. E. 17.

The author of the article on Criminal Conversations in 8 Am. & Eng. Enc. Law, 2d ed. 261, says: "As regards the husband, from time immemorial the law has given him a right of action for damages against the seducer of his wife. But as regards the wife, though in natural justice no reason exists why her right to maintain an action against the seductress of her husband should not be coextensive with his right of action against her seducer, yet the common law has never seen fit to accord to her the redress which it affords him. The reason of this distinction must, it seems, be discovered not in any principle of abstract right, but in the subservient relation which the wife occupied at the common law. The husband had a property in the wife's services, and

it is upon the loss of these that his right of recovery was formerly placed; but the wife had no property in the services of her husband and so could maintain no action. Moreover, at common law, in order for her to bring an action, the husband must consent to and be joined as a party plaintiff; and furthermore, as whatever damages she might recover would immediately become his property, the law could not tolerate such an indecency as that a man should so profit by his own wrong. But the tendency of modern thought is to abrogate the idea of superior and inferior from the relation of husband and wife, and as, under the statutes which have in recent years been passed in the various states, married women are permitted to sue independently of their husbands and to hold separate property, the reasons for the distinction would seem no longer to be tenable, and it has been held that under such statutes a married woman may maintain an action for criminal conversation."

It is next contended that the evidence is insufficient to sustain the judgment. The chief reasons given for alleged insufficiency of the evidence involve legal propositions already answered by us adversely to appellant's contentions. The others have been considered and found without merit. Owing to the nature of the case, we choose not to set forth the testimony at length in this opinion. Suffice it to say that we deem the verdict and judgment amply supported in the record by competent testimony.

The law is well settled that direct proof of illicit relations is not required, circumstancial evidence being sufficient. 3 Rice, Ev. p. 532; 2 Greenl. Ev. 14th ed. §§ 40 et seq.; 21 Cyc. 1630; State v. Leek, 152 Iowa, 12, 130 N. W. 1062; Stackhouse v. Stackhouse, 88 Neb. 184, 129 N. W. 257; 14 Cyc. 693.

We find no error in the record, and the judgment is accordingly affirmed.