WATSON *v.* DAVIDSON.

Opinion delivered January 19, 1920.

1.  HUSBAND AND WIFE—ALIENATION OF WIFE—EVIDENCE.—In an action by a husband for alienating his wife's affections, the gist of the action is the loss of *consortium,* and therefore the defendant is entitled to cross-examine the husband as to the cohabitation between him and his wife after the alleged separation.

2.   APPEAL AND ERROR—HARMLESS ERROR.—In an action by a husband
     for criminal conversation and alienation of affections, the re-
     fusal of the court to allow defendant to cross-examine plaintiff
     as to whether he had not cohabited with his wife after the sepa-
     ration was erroneous but harmless where defendant made plain-
     tiff his own witness on that issue, and was permitted to contra-
     dict his denial of cohabitation.

3.   EVIDENCE—LETTERS OF THIRD PERSON.—In an action by a husband
     for alienation of a wife's affections, a letter written by the wife
     to defendant, containing a denial of adulterous relations between
     them was properly excluded, being in the nature of a self-serving
     declaration, and not admissible as *res gestae* or to establish good
     motive on part of defendant in responding to it.

4.   EVIDENCE—DECLARATION OF CONSPIRATOR.—It is only where a con-
     spiracy has been established by other evidence that the declara-
     tion of a co-conspirator in furtherance of the conspiracy is ad-
     missible against his associate or associates.

Appeal from Clay Circuit Court, Eastern District; *R. H. Dudley,* Judge; affirmed.

*Davis, Costen & Harrison,* for appellant.

1.   The court erred in refusing to allow defendant to cross-examine plaintiff relative to his living and co-habiting with his wife subsequent to the alleged separation and in instructing the jury that defendant had made plaintiff his witness and was bound by his action. The gist of the action was the loss of the comfort, society and assistance of the consort, and in order to show this it was necessary to show that defendant wrongfully and maliciously by words, conduct and act deprived plaintiff of the comfort, society and assistance of his wife, and the evidence was competent and a complete defense to the action for alienation of affections. 105 Iowa 279; 75 N. W. 100; 94 Iowa 598; 63 N. W. 341; 99 Me. 161; 58 Atl. 774; 99 N. W. 1985; 21 R. I. 270; 43 Atl. 67; 64 Vt. 432; 25 Atl. 438.

2.   The testimony was material and important as showing condonement of the wife's adultery. 2 Shaw's Digest, 842; 30 L. J. Mit. Cas. 111; L. R. 1 Pr. & D. 333; 35 N. H. 22.

3. The evidence was important to defendant as tending to show conspiracy alleged to exist between plaintiff and his wife. 101 N. W. 207; 109 Iowa 288. See also Jones, Com. on Ev., vol. 2, § 254, pp. 436-7.

4. The verdict is clearly against the preponderance of the evidence. It is clear that this action was the result of an arrangement between plaintiff and the wife.

HUMPHREYS, J. Appellee instituted suit against appellant in the Eastern District of the Clay Circuit Court to recover, under sufficient and appropriate allegations, damages in a total sum of $10,000 for criminal conversation with, and alienation of the affections of, his wife.

Appellant answered denying each and every material allegation of the complaint and charging a conspiracy between appellee and his wife, Ruth Davidson, to wrongfully and wickedly institute suit against appellant upon false allegations and obtain a judgment against him, after which time they would reunite and live together as husband and wife.

The cause was submitted to a jury upon the pleadings, instructions of the court and the evidence upon which a verdict was returned and judgment rendered in favor of appellee in the sum of $500. From that judgment an appeal has been duly prosecuted to this court.

It is suggested that the verdict is contrary to a fair preponderance of the evidence, but not insisted that the evidence is insufficient to support the verdict, so it is unnecessary to give a history of the case in order to determine the points at issue presented by the appeal. Suffice it to say that the evidence adduced by appellee tended to show that appellant and Ruth Davidson were guilty of adultery during the time she resided with appellee as his wife, and that, through the contriving of appellant, the affections of Ruth Davidson for her husband, the appellee, were alienated, which resulted in a separation and divorce; and the evidence adduced by appellant tended to show that no adulterous relationship

existed between appellant and Ruth Davidson, and that he did not by seductive words, promises or in any other manner alienate the affections of Ruth Davidson from her husband.

The first assignment of error insisted upon for reversal is the refusal of the court to allow appellant to cross-examine appellee relative to his having cohabitated with his wife at Marmaduke and Paragould, in Lake County, Tennessee, subsequent to the alleged separation. The loss of *consortium* being the gist of the action, it was proper on cross-examination of appellee to inquire concerning the relationship that existed between him and his wife after the alleged separation. The refusal of the court to permit the inquiry did not prejudice appellant, because he was permitted to prosecute the inquiry by using appellee as his own witness. It is urged, however, that he was permitted to prosecute the inquiry upon the condition that he would be bound by the answers of appellee made to the inquiries which proved to be negative answers; that, had he been permitted to prosecute the inquiry on cross-examination or without the imposition of the condition, he would not have been bound and therefore not prejudiced by the negative answers of appellee. It appears in the record that subsequent to this incident appellant was permitted to prove by other witnesses that appellee had consorted with his wife after the separation at the times and places mentioned with ample opportunity for sexual intercourse. So it seems quite clear that in the course of the trial the court departed from the ruling and did not hold appellant bound by the answers of appellee in reference to his relationship with his wife after the separation; else why did he permit appellant to establish the relationship existing between appellee and his wife after the separation by other witnesses? The admission of the subsequent evidence amounts to a reversal of the ruling insisted upon as prejudicial.

It is insisted that the court committed reversible error in refusing to admit the following letter written by

Ruth Davidson to appellant a short time before the separation:

"Well, Riley, Greenie is cursing you and me being on the bed, and you know and I know God in Heaven knows that it is a lie, and I have taken more trouble today over that than I can put up with, and I give him the dam lie about it and he choked me and slapped me three times, and, Riley, if you don't care, please let me have enough money to leave on, for I can't put up with the mistreatment that I have put up with, and I want to get me a place to stay."

Appellant was permitted to testify, when charged with writing to appellee's wife, that it was in response to a note written to him by her, and to testify to the contents of his note in answer. It is true that appellant's motive in writing to appellee's wife became an issue in the case, but he was allowed to fully explain the occurrence. The letter offered in explanation of his motive is objectionable, because a denial of the act of adultery by the adultress to the adulterer, and therefore in the nature of a self-serving declaration. We do not think the letter competent to establish the good motive of appellant nor as a part of the *res gestae*. The mere fact that it was written near about the time of the separation would not necessarily make it a part of either the adulterous act or acts or the alienation of the affections of the wife.

Lastly, it is insisted that the court erred in refusing to admit the declaration of appellee's wife to Sadie Austin and Mary Bell Clark to the effect that she and appellee had entered into a conspiracy to feign a separation and sue appellant upon false charges of adultery and alienation of affections. It is only where a conspiracy has been established by other evidence that the declaration of a co-conspirator in furtherance of the conspiracy is admissible against his associate or associates. A conspiracy between appellee and his wife was not sufficiently established by other evidence to render her declarations admissible in support of the conspiracy.

No error appearing, the judgment is affirmed.