SANDERS v. FLENNIKEN.

Opinion delivered December 20, 1926.

1. HOMESTEAD—NONJOINDER OF WIFE—CURATIVE ACT.—A mortgage of a homestead executed in 1903, invalid under Crawford & Moses' Dig., § 5542, because the grantors' wives did not join therein, was cured by Acts 1923, p. 43.

2. PLEADING—CONCLUSION OF LAW.—An allegation that the foreclosure of a mortgage was not "in the manner and form required by law" is a statement of a conclusion, and does not disclose facts sufficient to render the foreclosure void.

3. QUIETING TITLE—CONSTRUCTION OF COMPLAINT.—A complaint in an action to quiet title which alleges that two of six heirs executed a

mortgage, under foreclosure of which defendants claimed title, *held* to show an interest in the land in the four heirs who are complainants.

4. LIMITATION OF ACTIONS—PLEADING.—The defenses of limitation and laches should be raised by answer, and not by demurrer, where the facts stated in the complaint do not show that the action is barred.

5. PLEADING—INDEFINITE ALLEGATIONS.—Where allegations of a complaint are not definite, a motion to make it more definite and certain should be made, and the objection cannot be raised by demurrer.

6. DEEDS—EFFECT OF REPEAL OF CURATIVE STATUTE.—The subsequent repeal of a curative statute will not invalidate a defective deed which had been cured by the prior act.

7. HOMESTEAD—DEFECTIVE CONVEYANCE—REPEAL OF CURATIVE ACT.—Acts 1923, No. 80, curing conveyances of homestead. defective by reason of a nonjoinder of the wife of the grantor, was not repealed by Acts 1923, No. 185, curing the same defect.

8. HOMESTEAD—EFFECT OF CURATIVE ACT.—The fact that the grantor in a mortgage died, and his widow's dower became vested before the enactment of Acts 1923, p. 43, curing a defect in the execution of the mortgage, does not prevent the operation of such act.

Appeal from Union Chancery Court, Second Division; *George M. LeCroy,* Chancellor; reversed in part.

*Hutchins, Abbott, Allday & Murphy,* for appellant.

*McNally & Sellers* and *Marsh, McKay & Marlin,* for appellee.

McCULLOCH, C. J.   Appellants instituted this action against appellees in the chancery court of Union County, claiming title to a tract of oil land containing forty acres, and seeking to cancel, as clouds on their title, certain conveyances under which appellees assert title.   The court sustained a demurrer to the complaint, and, upon refusal of appellants to plead further, there was a final decree dismissing the action.

It appears from the allegations of the complaint that Edmund Norris was the original owner, as patentee of the United States Government, and that he died in the year 1894, leaving surviving his wife, Silvia Norris, who inherited the land in the absence of other heirs; that Silvia Norris died in the year 1899, leaving surviving

her five children, Riley Sanders, Neil Sanders, Mary Burns, Lou Cotton, and Mellie Miller, and her grandchild, Elisha Wilson, who were her heirs at law and inherited the land. Riley Sanders and Neil Sanders executed a deed of trust on March 7, 1903, to secure a debt owing to Young and Anderson, and the deed was foreclosed under power of sale by the trustee in 1907. N. C. Marsh and Aylmer Flenniken were the purchasers at the trustee's sale, and received a deed. Subsequently Marsh conveyed his interest to Flenniken, and the latter conveyed to his wife, Mary Flenniken, one of the appellees. Mrs. Flenniken executed an oil lease on June 12, 1922, to Humble Oil & Refining Company, and another lease has been executed by Mrs. Flenniken to Tidal Osage Oil Company. Neil Sanders died in the year 1916, and left surviving his wife, Rena, who was plaintiff below and is one of the appellants here. All of the heirs mentioned above, together with Rena, the widow of Neil Sanders, joined in the complaint, and appealed.

It is alleged in the complaint that the wives of the two mortgagors, Riley Sanders and Neil Sanders, did not join in the execution of the deed of trust; that the property was, at the time of the execution of the deed, the homestead of the mortgagors, and that the conveyance was absolutely void by reason of the failure of the wives to join therein. The prayer of the complaint is that the mortage and all subsequent conveyances be declared void as clouds on the title of appellants, and that the present occupants be held to be mortgagees in possession and required to account for the rents and profits.

The statute (Crawford & Moses' Digest, § 5542) provides, in substance, that a conveyance by a married man of his homestead is void unless his wife joins therein, but there was a statute enacted by the General Assembly of 1923 (act No. 80) which rendered valid conveyances otherwise void on account of failure to comply with the other statute. Effect must be given to this statute, and the deed executed by Riley Sanders and Neil Sanders

is thereby rendered valid. *Flanigan* v. *Beavers, ante* p. 28. This disposes of the appeal of Riley Sanders and Rena, the widow of Neil Sanders, for the relief which they seek is dependent upon the invalidity of the deed of trust, which was rendered valid by the curative statute *supra.*

It is also alleged in the complaint, in general terms, that the foreclosure of the deed of trust was not "in the manner and form required by law," but that is a mere statement of a conclusion and does not disclose facts sufficient which would render the foreclosure void. However, the complaint shows on its face that the appellants other than Riley Sanders and Rena Sanders are the owners of an undivided four-sixths of the land as tenants in common with Riley and Neil Sanders, and that their interests are unaffected by the mortgage executed by the two last named. The other appellants are entitled, according to the allegations of the complaint, to recover their several interests in the land.

It is contended by counsel for appellees that a demurrer was properly sustained on the ground that the complaint shows on its face that appellants were barred by the statute of limitations, and also that they are guilty of laches which bars recovery of the land. We do not think that the facts stated in the complaint show that the action was barred either by limitation or by laches, but those defenses must be presented by answer and not by demurrer to the complaint. It is alleged in the complaint that Edmund Norris occupied the land as his homestead up to the time of his death in 1894; that it was so occupied by Silvia Norris as her homestead from 1894 to 1899; that it was also occupied as a homestead by Eliza Sanders, wife of Seaborn Sanders (the latter being the son of Silvia), from 1894 to 1899, and that "since 1909 said property has been in the actual possession of no one except for one year a man by the name of Bilyeu, about the year 1909, made one crop, and never occupied said land any more." It is further alleged that Eliza Sanders moved off the land in 1909, and died in 1920. It also appears from the complaint

that Seaborn Sanders was the only child of Silvia, and died in the year 1892 and left his widow, Eliza, and his children, who are appellants in this case. Seaborn having died before the death of his mother, the title passed by inheritance to his children, and his wife, Eliza, acquired no interest in the property, for the reason that her husband, Seaborn, was never the owner. It nowhere appears in the complaint that there was any adverse occupancy of the land so as to bar the rights of appellants by limitation, nor are there any facts alleged upon which the doctrine of laches can be invoked. The deed of trust executed by Riley and Neil Sanders purported to convey the whole of the land—not merely undivided interests—and the subsequent deeds were to the same effect. According to these allegations, appellees had color of title to the whole of the tract, but it is not shown on the face of the complaint that appellees have occupied the place for any particular length of time or that they have ever paid the taxes on the land, or that there has been any such change in the relation of the parties as to call for an application of the doctrine of laches. The allegations of the complaint are not altogether definite, but this objection should have been taken advantage of by motion to make the complaint more definite and certain.

The decree is therefore affirmed as to the interests of Riley Sanders and Neil Sanders, conveyed under the deed of trust, but reversed as to the other appellants, Mary Burns, Mellie Miller, Lou Cotton and Elisha Wilson, with directions to overrule the demurrer to their complaint, so far as relates to their interest in the land inherited from their ancestor, Silvia Norris. It is so ordered.

McCULLOCH, C. J., (on rehearing). Counsel for appellant make the contention that act No. 80 of the General Assembly of 1923 was repealed by a later act (No. 185) of the same session.

Act No. 80 was approved on February 9, 1923, and act No. 185 was approved February 23, 1923, each con-

taining the form of emergency clause then in vogue, and it is contended that, as the emergency clause was not attached in the manner and form required by the constitutional amendment of the year 1920, neither of the statutes went into effect until ninety days after the adjournment of the Legislature. At any rate, it is contended that, whether the statutes went into effect from the respective dates of approval by the Governor or on the same date (90 days after the adjournment of the Legislature), the first act was repealed by the last one.

Act No. 80 relates solely to conveyances rendered ineffectual for non-observance of the requirements of the statute approved March 18, 1887, in regard to conveyances of homesteads; whereas act 185 relates to defects of conveyances in this regard, and also with regard to those conveyances which were defective by reason of the acknowledgments not being in conformity with the statute.

It is unnecessary to decide the question whether or not the operation of the statutes was postponed, for the reason that, if act No. 80 was in operation from the time of its approval by the Governor until the approval of the later statute, defects in all deeds cured by its operation were validated and a repeal of the statute would not invalidate them. Where a deed is once validated, a repeal of the statute would not disturb the vested right. On the other hand, if it be held that the two statutes went into effect on the same date, there was no implied substitution of the last act for the first one. Act No. 80 is one which dealt with a specific subject, and, there being no express repeal, the presumption cannot be indulged that the Legislature intended to repeal it by another statute more general in its terms.

It it further insisted that the curative statute is not applicable for this reason, that one of the grantors in the mortgage died before the enactment of the statute, that the dower of his widow became vested, and that such vested right could not be disturbed by the statute. The fact that the widow had become endowed does not pro-

vent the statute from operating to cure the defect in the mortgage. The statute was as effective against the widow as against the husband, so far as it concerned the conveyance of the title and relinquished the homestead right. There was no vested right of the widow which averted the effect of the statute to that effect. The dower right of the widow was not affected by this statute, and the question of dower is not involved in this case.

Petition for rehearing denied.