HALL v. MITCHELL.

## Opinion delivered December 5, 1927.

1. ACKNOWLEDGMENT—FALSITY.—A proper acknowledgment is an essential part of the execution of the conveyance of land, and it is competent for the grantor to show the falsity of the certificate of acknowledgment.

2. ACKNOWLEDGMENT—FALSE CERTIFICATE.—Where a grantor does not acknowledge a deed, and the officer makes the certificate that the grantor did appear, the act of the officer is without authority of law, and void.

3. DEEDS—FORGERY.—An estate in land cannot be divested by forgery.

4. HOMESTEAD—NONJOINDER OF WIFE.—A mortgage on a homestead is void where the wife of the mortgagor did not join in the mortgage.

5. HOMESTEAD—NONJOINDER OF WIFE—EVIDENCE.—In a suit by a wife to set aside a mortgage on the homestead, evidence by the wife that she did not sign the mortgage, and that her husband signed both his own and her name to the mortgage, authorized a finding that she did not sign the mortgage.

6. MORTGAGES—EFFECT OF CURATIVE ACT.—The curative act with respect to mortgages and deeds *held* only intended to cure defects in execution of a mortgage, and not to render valid an instrument which was absolutely void in the beginning, and hence could not render a mortgage effective against a person not signing same.

Appeal from Union Chancery Court, Second Division; *George M. LeCroy,* Chancellor; affirmed.

### STATEMENT BY THE COURT.

Appellees, who are the widow and heirs at law of Joel Mitchell, deceased, brought this suit in equity against C. R. Hall to set aside a mortgage on the homestead of said decedent as a cloud upon their title, and also prayed that they be permitted to pay off the amount due upon said mortgage.

The record shows that Joel Mitchell executed a mortgage to C. R. Hall upon a tract of land comprising 77 55/100 acres in Union County, Arkansas, to secure the sum of $512.48. The mortgage also purports to have been signed by E. L. Mitchell, as wife of Joel Mitchell, and the mortgage also purports to have been duly acknowledged by Sid Pepper, a notary public.

Mrs. E. L. Mitchell was a witness for appellees. According to her testimony, the land embraced in the mortgage was the homestead of Joel Mitchell, upon which she and her husband, together with their children, resided at the time the mortgage was given. The mortgage purports to have been executed on February 25, 1922. She never signed the mortgage, or authorized her husband or any one else to sign it for her. She never acknowledged the mortgage. Joel Mitchell died in October, 1924. The mortgage itself was introduced in evidence, and also specimens of handwriting of Mrs. E. L. Mitchell. An expert in handwriting was introduced as a witness for appellees, and testified that he had examined the signatures to the mortgage, and that the same person signed the names "Joel Mitchell" and "E. L. Mitchell" to the mortgage. This witness also examined the signature "E. L. Mitchell" as it appeared in the mortgage, and stated that the person who wrote it was not the same person as the one who signed E. L. Mitchell on the papers shown to him. It was shown that Mrs. E. L. Mitchell was the one who signed the name "E. L. Mitchell" on the papers shown to this witness.

Sid Pepper was introduced as a witness for appellant. According to his testimony, he took the acknowledgment to the mortgage, but stated that it was possible that Joel Mitchell signed both names to the mortgage. He stated further, however, that he read the mortgage over to the wife of Joel Mitchell, and thought she signed it.

The chancellor found the issues in favor of appellees, and a decree was entered, canceling and setting aside the mortgage as a cloud upon the title of appellees. To reverse that decree appellant has duly prosecuted an appeal to this court.

*Pat McNalley* and *Jordan Sellers,* for appellant.

*R. M. Hutchins,* for appellee.

HART, C. J., (after stating the facts). The decree of the chancery court was correct. A proper acknowledgment is an essential part of the execution of a con-

veyance of land, and it is competent for the grantor to show the falsity of a certificate of acknowledgment. Where the grantor does not acknowledge the deed and the officer makes a certificate that the grantor did appear, the act of the officer is without authority of law, and void. No one can claim that an estate in land can be divested by forgery, and every one must be subject to the risk of forgery by officers authorized to take acknowledgments. *Miles* v. *Jerry,* 158 Ark. 314, 250 S. W. 34; and *Wilson* v. *Biles,* 171 Ark. 912, 287 S. W. 373.

A mortgage as to the homestead is void where the wife of the mortgagor did not join in the mortgage. *Ferrell* v. *Wood,* 149 Ark. 376, 232 S. W. 577, 16 A. L. R. 1033. In the present case, the wife testified in unequivocal terms that she did not sign the mortgage. The mortgage itself was introduced in evidence, and has been brought up to us for examination. It is plain from an examination of it that the same person signed both names to the mortgage. It is conceded that Joel Mitchell signed his own name to the mortgage, and an inspection of the mortgage shows plainly that he must have signed the name of his wife to it. Then, too, admitted signatures of the wife appear in the record, and have been brought before us for examination. They show that the person who signed them did not sign the name of E. L. Mitchell to the mortgage. Under these circumstances we think the court was right in holding that Mrs. E. L. Mitchell did not sign the mortgage, and, the mortgage being on land which was the homestead of Joel Mitchell, it was void because she did not sign it.

It is next insisted by counsel for appellant that the judgment should be reversed because, after the mortgage was signed, the Legislature passed a curative act with regard to mortgages and deeds, which was held to be valid in *Sanders* v. *Flenniken,* 172 Ark. 454, 289 S. W. 485. That case, however, does not help appellant any. A curative statute is only intended to cure defects in the execution of a mortgage, and cannot, in the very nature of things, render valid an act which was abso-

lutely void in the beginning. In short, if a party had never signed a mortgage or deed, and it should be held that a curative act which was passed afterwards could have the effect of making the mortgage or deed effective as far as the person who did not sign it is concerned, this would necessarily have the effect of depriving such person of his property without due process of law. The curative act in question did not purport to cure anything except defective instruments, and does not purport to render valid and effectual an act which had never been done.

It follows that the decree must be affirmed.

HART, C. J. Counsel for appellant earnestly insist that in our original opinion we misinterpreted the effect of the decision in *Sanders* v. *Flenniken*, 172 Ark. 454, 289 S. W. 485, and that our decision in this case is opposed to the principles therein decided. We do not think so.

In that case the court had under consideration the effect of a curative statute as applied to the grantors of a deed. The Legislature, when enacting our homestead statute, could have dispensed with any requirement as to the wife signing it, and, this being so, it had the authority, where no vested rights are affected, to do the same by subsequent legislation. The right which a curative statute or healing act takes away in such a case is the right in the party to avoid his contract. Such legislative acts are sustainable only because they are supposed not to operate upon the deed or contract by changing it, but upon the mode of proof. *Green* v. *Abraham*, 43 Ark. 420, and *Johnson* v. *Richardson,* 44 Ark. 365.

In the Sanders case the grantors in the deed signed it, and intended to be bound by their act in doing so. Hence it is said the curative act applied in so far as their rights were concerned. There is a wide difference, however, between that case and the present one. Here the wife of the grantor did not sign the deed at all, and did not intend to be bound by its provisions. Here the signature to the deed was a forgery, and no subsequent act of the

Legislature could make valid and 'binding an act which she had never done or attempted to do. This would render the act unconstitutional, if it should be so construed.

The petition for rehearing will be denied.