HERPIN *v.* WEBB.

5-27                                                    256 S. W. 2d 44

Opinion delivered March 23, 1953.

*Hebert & Dobbs,* for appellant.

*Richard M. Ryan, H. A. Tucker* and *M. C. Lewis, Jr.,* for appellee.

GEORGE ROSE SMITH, J.   The appellee brought this suit in ejectment after an unsuccessful attempt to recover possession by unlawful detainer. *Webb* v. *Herpin,* 217 Ark. 826, 233 S. W. 2d 385.   In her complaint the plaintiff deraigns title from the estate of her deceased husband, John L. Webb.   By answer the defendants asserted that they had contracted to buy the land from John L. Webb, that all payments had been made, and that they were entitled to a deed from the plaintiff in her capacity as executrix.

To this answer the plaintiff filed a reply alleging (a) that Webb's contract with the defendants was not signed by the plaintiff and is not binding on her, (b) that the contract was terminated by agreement in 1943, and thereafter the Herpins occupied the land as tenants, and (c) that if it be found that the contract was not termi-nated in 1943 the defendants breached the agreement in 1950 by refusing to make payments that were due, thereby forfeiting their rights.   To this reply the defendants filed a plea of limitations, averring that even though the plaintiff did not sign the contract her right to assert a dower interest was barred seven years after her husband executed the agreement.

At the beginning of the trial the defendants requested a ruling upon their plea of limitations.   The judgment recites that ''certain stipulations having been made

between the parties as to title and other matters, the court overruled defendants' plea of the statute of limitations." The attorneys who were then representing the Herpins elected to stand upon the plea and refused to defend the case. Judgment was entered for the plaintiff, but there was no motion for a new trial.

In the absence of such a motion we consider only errors appearing on the face of the record. Hence we are limited in this case to an examination of the pleadings and the judgment. Since the judgment recites that the plea of limitations was overruled after certain stipulations had been made as to the title, we may assume that these stipulations included matters of fact that eliminated the question of limitations. And, apart from the stipulations, the defendants' insistence that the court rule upon their plea at the beginning of the trial was in effect a request that the plea be treated as a demurrer to the plaintiff's reply. So treated, the plea was properly overruled, for the statute of limitations can be raised by demurrer only when the adversary's own pleading shows his cause of action to be barred. *Rogers* v. *Ogburn*, 116 Ark. 233, 172 S. W. 867. Here the demurrer admitted the truth of allegations (b) and (c) of the plaintiff's reply; so it cannot be said that that pleading affirmatively shows that the suit was brought too late.

Affirmed.