NORWOOD *v.* ALLEN

5-3741                                      398 S. W. 2d 684

Opinion delivered February 7, 1966

*Kenneth Coffelt,* for appellant.

*Cole & Scott,* for appellee.

FRANK HOLT, Justice. Appellant instituted a partition suit seeking to enforce her alleged interest in certain lands by reason of her father's will. The appellees, the Allens, resisted the partition suit as the owners in fee simple title deraigned from a 1935 court approved sale, specifically pleading the statute of limitation. The chancellor granted appellees' motion for summary judgment and held that appellant had no in-

terest in the lands and that appellees are the sole owners.

On appeal appellant contends for reversal that (1) her father's will contained no provision authorizing the sale of her interest and (2) there were certain procedural defects which rendered the court approved sale fraudulent and void. The will, naming appellant one of the devisees, was executed in 1930 by her father who died the same year. In 1935 appellant's mother, as executrix of the estate, sold the property in question pursuant to a probate court order. The court found that the proposed sale "is to the best interest of said estate and for the benefit of said minor heirs * * * Martha Ann Rhoads" [appellant].

The appellees acquired title to the lands in 1964 and the following year appellant filed her partition suit.

The chancellor was correct when he granted appellees' motion for summary judgment since the statute of limitation applies. One of the grounds for granting a motion for summary judgment is the absence of a genuine issue of a material fact. Ark. Stat. Ann. § 29-211 (Repl. 1962); *Epps* v. *Remmel,* 237 Ark. 391, 373 S. W. 2d 141. Our summary judgment statute is a reenactment of Rule 56 of the Federal Rules of Civil Procedure. *Russell* v. *City of Rogers,* 236 Ark. 713, 368 S. W. 2d 89. A summary judgment is proper where a claim is barred by the statute of limitation. *The Horton Brown Corporation* v. *Goodhart,* 233 F. 2d 23 (D. C. 1956).

In the case at bar the remedy appellant now seeks was limited to three years after reaching her full age (18). Ark. Stat. Ann. §§ 57-103—37-101—37-226; *Brake* v. *Sides,* 95 Ark. 74, 128 S. W. 572; *Cannon* v. *Price,* 202 Ark. 464, 150 S. W. 2d 755.

According to the pleadings, exhibits, etc., the appellant was named in the 1930 will as one of the testator's children. It is evident that appellant reached her age of

majority more than three years before 1965 when she began this litigation. Therefore, the statute of limitation must be applied since she did not attack the validity of the court order authorizing the sale within three years after reaching her full age.

No justiciable issue exists and the chancellor correctly granted the motion for summary judgment.

Affirmed.

Cobb, J., not participating.