Sarah K. GIBSON v. Elizabeth (Scott) GIBSON

5-4471                                    424 S. W. 2d 871

Opinion delivered March 11, 1968

328

*Arnold, Hamilton & Streetman,* for appellant.

*John F. Gibson,* for appellee.

JOHN A. FOGLEMAN, Justice. This is a suit by the former wife of J. A. Gibson II against his present spouse seeking to recover damages for alienation of his affections. It was filed July 23, 1964. In *Gibson* v. *Gibson,* No. 5-3904, 240 Ark. 827, 402 S. W. 2d 647, it was held that the five-year statute of limitations was applicable in this case. Upon remand, appellee filed a motion to dismiss upon the ground that the cause of action was barred by this statute of limitations. This appeal is from the order of the trial court granting that motion.

The gist of an action such as this is loss of consortium, which includes the husband's society, companionship, love and affection, and aid. *Weber* v. *Weber,* 113 Ark. 471, 169 S. W. 318; *Watson* v. *Davidson,* 141 Ark.

591, 217 S. W. 777; *Hammond* v. *Peden,* 224 Ark. 1053, 278 S. W. 2d 96. The cause of action accrues when this loss occurs without reference to the date of the words or acts causing the loss. *Miller* v. *Miller,* 165 Md. 425, 169 Atl. 426 (1933).

Appellant alleged in her complaint that appellee engaged in acts of enticement and inducement directed toward J. A. Gibson II between January 1958 and June 1962, for the purpose of alienating his affections, resulting in abandonment of appellant, the institution of a suit for divorce by him, and the dissolution of the bonds of matrimony between them on June 29, 1962. A specific allegation is made with reference to conduct of appellee between August 3 and August 8, 1959, said by appellant to have been adulterous.

Prior to the filing of the motion appellant had admitted, in response to a request by appellee, that her former husband ceased to occupy the marital bed with her sometime in June 1958. She said, however that he neither left nor deserted their home then, but continued to reside with her for some period thereafter. She also admitted that he instituted a divorce suit on January 29, 1959, but stated that she felt and believed that a reconciliation could and would be effected, until the alleged acts in August 1959. She also stated that a divorce decree granted her husband December 18, 1960, was reversed and ultimately a divorce was granted her. In response to an additional request for admissions, appellant admitted that Gibson left the marital bed on or about June 13, 1958, but that she had no knowledge at that time that he intended to permanently abandon the home. She stated that he was in the home on numerous occasions, taking meals and occupying a bed until August 1959. She reiterated her belief that there was a possibility and hope of reconciliation until the August 1959 occurrences.

Hearing was held upon objections of appellee to these responses and a motion by her to require that ap-

pellant's complaint be made more definite and certain. The court overruled the motion and ordered the taking of a discovery deposition of appellant. In this deposition appellant stated that she had not slept in the same bed with her former husband since June 12, 1958, and that they had not cohabitated as husband and wife since that date. She admitted that he had not kissed her since that time, but said that up until his marriage to appellee, the meals he had eaten at their home were too numerous to count and named specifically Christmas and birthdays of children as special occasions. She testified that while they had not occupied the same bed at the same time, Gibson had slept in their bed and she had seen him asleep in bed with the children at the home both day and night. She did not recall having seen him with his clothes off on any of these occasions. According to her testimony when Gibson took a suitcase and left home on June 13, 1958, he said he was leaving because he had to get away for a while to think. She further stated that since that date they had discussed the possibility of his return to live with her as his wife, that he had asked permission to come to the home where she was residing many times, that she had tried to persuade him to come back and that he had actually come to the house many times, but not to live with her as his wife. She claimed to have first learned of adultery in August 1959. She said that she hoped and believed a reconciliation was possible until August of 1959 and actually until Mr. Gibson married appellee.

The plea of the statute of limitations must be raised by answer or demurrer. It can be raised by demurrer only when the pleading to which the demurrer is taken clearly shows that the cause of action is barred. *Herpin v. Webb,* 221 Ark. 798, 256 S. W. 2d 44. Where the bar of the statute of limitation does not appear upon the face of a complaint, the issue cannot be raised by demurrer. *Cranna v. Long,* 225 Ark. 153, 279 S. W. 2d 828. It cannot be raised by demurrer unless the complaint shows not only that sufficient time has elapsed to bar the ac-

tion, but that there are no facts or grounds for avoidance of the statute. *State* v. *McIlroy,* 196 Ark. 63, 116 S. W. 2d 601; *Rogers* v. *Ogburn,* 116 Ark. 233, 172 S. W. 867. For example, it was held that a complaint to cancel a contract for fraud, which did not indicate when the plaintiff discovered the fraud, did not show on its face that the cause of action was barred by limitations. *Driesbach* v. *Beckham,* 178 Ark. 816, 12 S. W. 2d 408. If appellee's motion to dismiss was considered as a demurrer, it should have been overruled as there is nothing in this complaint which shows that the cause of action was barred.

Generally, where the facts in a complaint do not show the action is barred by the statute of limitations, the defense must be raised by answer. *Sanders* v. *Flenniken,* 172 Ark. 454, 289 S. W. 485. In a proper case, however, a motion for summary judgment should be granted where it is clearly established that a claim is barred by the statute of limitations. *Norwood* v. *Allen,* 240 Ark. 232, 398 S. W. 2d 684. Since a discovery deposition was considered at the hearing of the motion and since appellant's attorney considered that the proceeding was one for summary judgment when the discovery deposition was taken, it seems that the trial court must have considered appellees motion to dismiss as a motion for summary judgment. But the dismissal of appellant's complaint was error because we find that there is a genuine issue of fact as to the time when this alleged cause of action accrued. According the weight of authority, the statute of limitations begins to run when the loss of affections or loss of consortium is sustained. It begins when alienation is fully accomplished, *i. e.,* when love and affection are finally lost. See, Annot., 173 ALR 772, 774. The law presumes that there is always a possibility of reconciliation of husband and wife and this the law encourages. *Amellin* v. *Leone,* 114 Conn. 478, 159 Atl. 293 (1932). The mere fact that the spouses separated prior to the acts complained of does not constitute a defense in such actions where

they are still married, as there might be a reconciliation. *Michael* v. *Dunkle,* 84 Ind. 544, 43 Am. St. Rep. 100 (1882). Since, even after a separation or estrangement, there is a possibility of reconciliation, an action will lie for conduct which prevents a reconciliation. Cooley on Torts, 4th Ed. § 167, p. 8. The actionable offense may consist of conduct which prevents a reconciliation. Cooley on Torts, 4th Ed. § 170, p. 22. A cause of action will not be defeated because a wife was estranged from her husband at the time of illicit relations with the husband, as the marriage relation and rights exist until the parties are separated by death or divorce. *Rott* v. *Goehring,* 33 N. D. 413, 157 N. W. 294, Anno. Cas. 1918 A. 643 (1916). See, also, *Miller* v. *Pearce,* 86 Vt. 322, 85 Atl. 620 (1912), 43 LRA (n. s.) 332 (1913). One spouse has the right to the possibility of regaining the conjugal society and affection of the other and a third person has no right to intermeddle between them even though they are estranged. 27 Am. Jur. 127, Husband & Wife, § 524.

This court has previously indicated that these marital rights do not survive divorce, by approving an instruction that acts and relationship after divorce of a husband and wife should not be considered as contributing to the alienation of affections. *Hardy* v. *Raines,* 228 Ark. 648, 310 S. W. 2d 494. It was said there that testimony as to such acts might, under the circumstances, be considered only as an aid to a determination of relationships prior to the divorce.

Inasmuch as the parties were divorced within five years next preceding the filing of this action, we cannot say that the cause of action is barred as a matter of law. Rather, the jury should determine as a question of fact when appellant lost her conjugal rights, including the right to regain the conjugal society and affection of her husband through reconciliation. We think that under the facts now before the court that this must have been sometime between the separation June 13, 1958, and the granting of the divorce to appellant, but other

facts will likely be developed from which a jury can make a proper determination.

Reversed and remanded for further proceedings not inconsistent with this opinion.

BYRD, J., dissents.