## DARNELL *v.* LEA.

### Opinion delivered February 18, 1924.

1. LIMITATION OF ACTIONS—SEDUCTION.—A civil action for seduction sounds in tort, and may be brought within five years, under Crawford & Moses' Dig., § 6960.

2. LIMITATION OF ACTIONS—SAVING IN FAVOR OF INFANT.—Under Crawford & Moses' Dig., § 6961, providing that persons entitled to bring an action who are under 21 years of age "shall be at liberty to bring such action within three years next after full age," *held*, where an action for seduction by a minor was dismissed for failure to prosecute, a subsequent action by such minor brought within three years after attaining her majority was not barred because not brought within one year after dismissal of the original suit.

3. JUDGMENT—RES JUDICATA.—Dismissal of an action for failure to prosecute is not a judgment on the merits, so as to bar a subsequent action.

Appeal from Pulaski Circuit Court, Second Division; *Richard M. Mann,* Judge; reversed.

*X. O. Pindall* and *Oscar H. Winn,* for appellant.

1. Plaintiff is not barred, even if she is held to have reached full age at eighteen years. C. & M. Digest, § 6961; 95 Ark. 74. The one-year statute of limitations does not apply. 125 Ark. 77.

2.  The dismissal of the action brought by the next friend is no bar to this action.  96 Ark. 181; 47 Ark. 120; 121 Ark. 454.

WOOD, J.    This action was instituted by the appellant against the appellee on January 5, 1921.    The appellant alleged in her complaint that she was a minor at the time of the alleged injuries of which she complained; that she is now of age, and brings the suit in her own name; that appellant became sixteen years of age on the first of April, 1916; that before that time the appellee, who was a married man, and a man of wealth and influence, committed a tort upon the appellant; that the parents of appellant were tenants on the plantation of the appellee, and appellant was living with them at that time; that appellee took advantage of the fact that he was the landlord and employer of her father and mother, and, by his promise of love and affection, did entice and beguile her, and seduce her, to the damage of her reputation and to the impairment of her health to the extent that she had to be placed in a hospital; that, before the appellee debauched the appellant, she had the confidence and respect of her acquaintances and friends, and was held in high esteem by her neighbors and acquaintances, but that, since that time, by reason of such debauchery, she had lost same, and they had forsaken her; that thereby her mother had been deprived of her services and companionship, and that appellant had now become an object of charity; that the medical services, hospital bill and nurse hire in connection with the treatment of appellant, and the expenses incurred in providing her with a home at the house of friends, amounts to $500; that, on account of humiliation, mental anguish and suffering caused directly by the appellee's misconduct toward appellant, she had been damaged in the sum of $24,500.    She prayed for judgment in the sum of $25,000.

The appellant alleged that the Twin City Bank has in its possession money, the property of the appellee, in the sum of $500, and filed interrogatories and asked for

a writ of garnishment against the bank, which was duly issued and served on the garnishee bank.

The appellee, in his answer, denied all the material allegations of the complaint, and set up that the statute of limitations barred the appellant's cause of action, if any existed. He alleged that the appellant was immoral from the time she first came into the neighborhood; that the appellee complained of her immorality to appellant's father, in an effort to maintain a quiet and peaceful neighborhood. He alleged that the suit was actuated for the purpose of blackmail; that several suits of various characters had been filed and dismissed by her, and the entire scheme of the appellant was one of blackmail, with no justification whatever. In an amended general answer the appellee alleged that, on March 29, 1917, the appellant, by her guardian, Thad Walker, and her mother, Mrs. Mattie Patterson, as her next friend, instituted a suit against the appellee on the same cause of action as set forth in the complaint herein; that said complaint was dismissed for failure to prosecute, on October 11, 1917; that on October 27 the appellant filed a motion to reinstate, which motion was, on November 3, 1917, overruled. A copy of the original complaint was attached and made an exhibit to the appellee's amended answer, the number of the original complaint being No. 11,628, and that, by reason of the filing of the present complaint on the same cause of action which had been theretofore dismissed, the dismissal of the original complaint was res judicata of the last action, which was No. 14,292. The amended answer concluded with a prayer that appellant's complaint be dismissed.

The appellant replied to the amended answer, in which, among other things, she set up that, since the dismissal of the original complaint, she had become of age, and that the suit she had instituted was a separate and distinct suit from the original complaint, filed in three years after her disability of nonage was removed; that she did not become eighteen years of age until April, 1918, and did not become twenty-one years of age until

April, 1921, and that she instituted the present action on January 5, 1921, within the statutory period from the time her disability of minority was removed by operation of law. Appellant denied that she was barred by the statute of limitations, and denied that the dismissal of the original action by her guardian and next friend was *res judicata* of her present action.

The court treated the amended answer of the appellee as a motion to dismiss the appellant's cause of action, and sustained the motion. Judgment was entered dismissing the appellant's cause of action, from which is this appeal.

The court, on motion, heard the testimony of the clerk of the court, which was to the effect that the dates of the filing of the pleadings as set forth in the amended answer were correct, and it was admitted as a fact that the appellant became sixteen years of age on the first of April, 1916, as alleged in her complaint. The court thereupon sustained the motion, and entered a judgment dismissing the appellant's complaint, assigning as a reason therefor that the original suit filed by appellant's guardian and next friend had been dismissed on the 11th of October, 1917, because of failure to prosecute the same, and the present action could not therefore be maintained, because it was not filed within one year from the date of the dismissal of the original cause of action. From that judgment is this appeal.

The present action by the appellant is one sounding in tort for personal injuries, to which the one-year statute of limitation does not apply, but is one governed by the five-year statute of limitation. See § 6960, Crawford & Moses' Digest; *Breining* v. *Lippincott,* 125 Ark. 77. The bill of exceptions shows that the court dismissed appellant's action for failure to prosecute on the 11th of October, 1917, and held that the action could not be maintained because it was not filed within one year from the time the original suit was dismissed. In this ruling the court erred. Section 6961 of Crawford & Moses' Digest provides: ''If any person entitled to bring an

action under any law of this State be, at the time of the cause of action, under twenty-one years of age, * * * such person shall be at liberty to bring such action within three years next after full age, or such disability may be removed.'' Females of the age of eighteen years shall be considered full age for all purposes. Section 4986, C. & M. Digest; *Brake* v. *Sides,* 95 Ark. 74.

Appellant's cause of action was instituted within three years after she became of age. She was therefore not barred from maintaining same. The cause of action was dismissed for a failure of appellant to prosecute the same. It was not heard on its merits. Therefore the dismissal of the original cause of action was not *res judicata* of the present action. Appellant was not bound by the action of her guardian and next friend in instituting the original action, which was dismissed, and she is entirely within her rights, under § 6961 of Crawford & Moses' Digest, in instituting the present action. *Floyd* v. *Skillern,* 121 Ark. 454, and cases there cited.

The judgment of the trial court is therefore reversed, and the cause is remanded with directions to reinstate the cause.