HAMMOND *v.* PEDEN.

5-668                                      278 S. W. 2d 96

Opinion delivered April 25, 1955.

*W. J. Morrow,* for appellant.

*Wiley W. Bean,* for appellee.

WARD, J. Appellee, Leon Peden, filed a complaint against appellant, James Hammond, for alienating the love and affection of his wife, Nellie Peden, and his three children. The jury returned a verdict in favor of appellee and assessed his damages at $25,000.00, from which judgment appellant has appealed.

The complaint alleged that Peden and his wife were married in 1941 and lived together as husband and wife until October 1, 1952, when they were divorced by reason of Hammond's unwarranted attention to his wife; that this divorce was annulled and he and his wife, becoming reconciled, lived happily together as husband and wife until January 28, 1954, and; that Hammond, well knowing that Peden and his wife were living happily together, willfully, wickedly and maliciously sought to obtain the affection of plaintiff's wife and enticed her to leave her home at frequent intervals in company with Hammond and that Hammond, by manifestations of affection, induced Nellie Peden to leave plaintiff on the date last above mentioned. It was further alleged that Hammond, by his allegedly willful acts, deprived the plaintiff of the companionship, love and affection of his three children. Peden asked $25,000.00 for the loss of the love and affection of his wife and $75,000.00 for the loss of the companionship, love and affection of his children.

On appeal appellant sets out several grounds upon which he relies for a reversal of the judgment rendered against him. We will discuss them separately below.

1. *Competency of jurors.* Two prospective jurors, in answer to interrogatories by appellant's attorney, stated, in effect, that they had heard about the case and had formed an opinion in regard thereto and it would take evidence to remove that opinion. On examination by the court they stated, in effect, that they could and would lay aside such opinions and try the case according to the law and the evidence. The decision which we have reached on this point makes it unnecessary to set forth the questions and answers in detail.

The record fails to show that appellant exercised his right to peremptorily challenge these or any other jurors and that he failed to exhaust his right to challenge jurors as granted him by statute. We have many times held that if a litigant fails to exhaust his peremptory challenges he waives any error committed by the court in failing to excuse a challenged juror. See *Sullivan* v. *State,* 161 Ark. 19, 257 S. W. 58; *Shoop* v. *State,* 209 Ark. 498, 190 S. W. 2d 988, and *Jones* v. *State,* 213 Ark. 863, 213 S. W. 2d 974. In the *Shoop* case, *supra,* at page 501 of the Arkansas Reports, it was stated:

"If it be conceded that the court erroneously refused to excuse the two prospective jurors for cause, still there is no showing in the record that appellant exhausted his peremptory challenges. Where a defendant fails to exhaust his peremptory challenges, he waives any error the court may have committed in not excusing a juror for cause." (Citing cases.)

We are not informed of any instance where our Court has applied this rule in a civil case, but we can see no reason why it should not apply in civil as well as criminal cases. In 31 Am. Jur., page 645, this same matter is discussed generally under paragraph 117 where it is stated that the rule applies in both civil and criminal cases. The rule was applied in civil cases in *C. H. De Bow* v. *Cleveland, Cincinnati, Chicago Railway Company,* 245 Ill. App. 158, and *Mount* v. *Welsh, et al.,* 118 Or. 568, 247 Pac. 815.

2. Error is alleged because the trial court refused to permit appellant to introduce the complaint, waiver and depositions in the first divorce suit, but we think no error was committed. In the trial of the case it developed that appellee's wife secured a divorce on October 1, 1952, but that the decree was set aside ten days later, after which time appellee and his wife again lived together. The court permitted appellant to show that such divorce was granted at the instance of the wife, and the decree was introduced in evidence. The complaint, waiver and depositions filed in that divorce suit were not competent evidence in the trial of this case. To have introduced them in evidence would have raised collateral issues only which in turn would have called for the introduction of further testimony. Moreover the divorce suit was between parties different from the parties in this litigation and the cause of action was not the same in both instances, so the proffered evidence would not come under the provisions of Ark. Stats., § 28-713.

3. Appellant states that ''The way said jury arrived at the amount of said judgment was not upon any evidence presented in the trial of the case and was solely upon a misunderstanding of an entirely outside matter.'' This contention is not elaborated upon in appellant's brief and our attention is not called to any competent testimony or circumstance that would support it, and it must be rejected.

4. Next it is contended that the court erred in refusing to let the wife, Nellie Peden, testify concerning matters that took place or occurred prior to August 3, 1954, when the last divorce was obtained. It is not necessary to consider the admissibility of this character of testimony because appellant made no objection to the court's ruling in excluding it. In proceeding under Act 555 of 1953 it is required under § 21 of said Act that the party object to the ruling of the court and make known to the court the action which he desires the court to take or he must state his objections to the action of the court and his grounds therefor. As stated this was not done in this instance by appellant.

5. It is most earnestly insisted by appellant that the judgment is not supported by the evidence. It is stated that there is no evidence to show that he caused Nellie Peden to leave her husband on January 28, 1954, or at any other time, and that there is no evidence to show that appellant at any time induced Nellie Peden to leave her husband. In considering this contention we of course must apply the well established rule that the verdict of the jury will not be disturbed by us if there is substantial testimony to support it. We find that there is substantial testimony in this instance. In general the testimony on the part of appellee shows that appellant had been keeping company with Nellie Peden prior to the divorce on October 1, 1952. In fact it appears that this divorce was the result of appellee's finding out about a date which his wife had with appellant and a confession from her that she was going out to meet James Hammond. The uncontradicted testimony shows that after the above mentioned date and prior to January 28, 1954, when appellee and his wife separated, culminating in a divorce on August 3, 1954, appellant regularly kept company with Nellie Peden over a period of several months during which time he was seen with her in his car approximately twice a week driving or parked on a dirt road about a mile north of Clarksville. On one occasion when appellant's car was parked Nellie Peden tried to conceal her identity from the witness. There was testimony also that appellant was seen frequently at appellee's house and that he took Nellie Peden riding in his airplane. Appellee testified that he and his wife and children lived happily together until appellant interfered, and it is certain that, for some reason, his home is now broken up and he no longer has the consortium of his wife and the companionship of his children.

It is pointed out by appellant that in *Roach* v. *Scott,* 157 Ark. 152, 247 S. W. 1037, it was held the burden was on appellee to show his wife was infatuated with appellant, and that appellant, by his wrongful acts, caused it. We agree that is the law, and we also agree with, and adopt as our language here, the last portion of the cited

opinion where it was said: "We might have reached a different conclusion from that reached by the jury had we been triers of fact, but, after carefully considering the argument of counsel in their briefs, * * *, we are convinced that the evidence is legally sufficient to sustain the verdict. The jury were the judges of the evidence and the credibility of the witnesses. When all of the testimony is considered, it cannot be said that there was no evidence to sustain the verdict."

6. Finally it is insisted by appellant that the verdict is excessive, but his brief points out no reason, testimony or circumstance to support this contention except to assert that in a majority of similar cases heretofore considered by this Court the judgments were less than the judgment in this case. Since, as we have concluded above, the evidence was sufficient to sustain a judgment in some amount in favor of appellee, we know of no established rule by which to weigh in dollars and cents the value to appellee of the loss of the companionship, love and affection of his wife and children. This was a matter for the jury to pass upon after listening to all of the testimony and the instructions of the court. We have already reviewed the testimony and appellant makes no objections to any of the court's instructions.

Affirmed.