JOHN B. MASON, INDIVIDUALLY AND AS EXECUTOR
*v.* ROY LOVING ET AL

5-5645                                          473 S.W. 2d 169

Opinion delivered November 8, 1971
[Rehearing denied December 20, 1971.]

*Boyett & Morgan* and *Gordon, Gordon & Eddy*, for appellant.

*John D. Eldridge; Wright, Lindsey & Jennings* and *Philip S. Anderson*, for appellees.

GEORGE ROSE SMITH, Justice. This action for personal injuries and for wrongful death was brought by the appellant individually and as executor of his wife's estate. The case arose from a rear-end collision between Mason's car, occupied by him and his wife, and a tractor-trailer owned by the appellee Southern Rendering Company and being driven by its employee, the appellee Roy Loving. The case was submitted to the jury on interrogatories. In answer to the first interrogatory the jury found that Loving had not been guilty of any negligence that was a proximate cause of the collision. Upon that finding the court entered judgment for the defendants. For reversal the appellants argue a number of points, which really comprise a total of five contentions.

I. By his first and sixth points the appellant insists that Loving was guilty of negligence as a matter of law, so that the case should be remanded for a new trial. This argument is without merit. The collision occurred at about 6:00 a.m. on December 21, 1967, on a straight stretch of Highway 67, southwest of Cabot. The weather was slightly foggy and the highway wet and slick. Loving, driving a tractor-trailer loaded with 62,000 pounds of tallow, had stopped for gasoline at a truck stop. In leaving the service station he drove between two long narrow traffic islands along his side of the highway and turned to his right, to travel northward. He testified that he looked to the south, that nothing was coming. He completed his turn into the highway, straightened his rig out, and had traveled 115 feet or more when his trailer was struck from behind. He had made four gear changes by then and was traveling not more than 10 miles an hour. His rig was brightly lighted, having headlights, sidelights, and 11 lights on the rear end of the trailer.

Mason and his wife had left Robbstown Texas, at

about noon on the preceding day and had traveled continuously except for pulling off the highway for an hour or two of sleep. Mason was driving at from 50 to 55 miles an hour, though the speed limit was 40. He testified that as soon as he saw the truck's tail lights he jammed on his brakes, but he was unable to stop before hitting the other vehicle. An officer found 100 feet of skid marks before the point of impact. Mrs. Mason was killed in the accident, and Mason suffered personal injuries.

Upon the record before us we certainly cannot say either that Loving was negligent as a matter of law or that any negligence on his part necessarily exceeded that of Mason. Mason, who was 70 at the time of the trial, had been traveling for some 18 hours, almost without sleep. He was exceeding the speed limit at a time when weather conditions made driving somewhat hazardous. He was necessarily less than 100 feet from the tractor-trailer when he first saw it and applied his brakes, although he testified that he could see for 200 or 300 yards with his headlights on the high beam, as they probably were. It is plain that if we were at liberty to set aside a verdict as fully supported by substantial evidence as this one is, there would be no end to litigation.

II. Three of the appellant's points relate to the court's Instruction No. 12. In that instruction the court took part of the first sentence of AMI 902 and put it within the format of AMI 903, as if it were a statute. Counsel for the defendants objected to the instruction, on the ground that AMI 902 is a rule of the road rather than a statute. The original record, however, discloses no objection whatever to the instruction on the part of counsel for the plaintiff. In a motion for a new trial counsel asserted that a general objection had been made but not recorded by the court reporter. At the hearing upon the motion the trial judge found that the objection had not in fact been made. We are simply not in a position to say that he was wrong upon this issue of fact; so it is unnecessary to discuss the appellant's several attacks upon Instruction No. 12. *Ransom* v. *Weisharr*, 236 Ark. 898, 370 S. W. 2d 598 (1963).

III. It is argued that the trial judge should have granted a new trial, because at the hearing upon the motion for a new trial he stated at one point that the verdict had surprised him. Later on, however, he explained that he always guessted at what the verdict would be, and in this instance he guessed wrong. In concluding the hearing the court stated explicitly: "[T]he Court does not find that [the verdict] is against the preponderence of the evidence." Hence no error appears. See the two opinions in *Bockman* v. *World Ins. Co.*, 222 Ark. 877, 263 S. W. 2d 486 (1954), and 223 Ark. 665, 268 S. W. 2d 1 (1954).

IV. It is contended that the court should have sustained the plaintiff's challenge for cause of a juror who said that Mr. Eldridge, an attorney for the defendants, was the regular attorney for her and her husband. There was no indication that Eldridge was then acting for the couple, and the juror stated that the relationship would have no effect upon her in the trial of the case. We need not examine this contention on its merits, for there is no showing that the plaintiff had exhausted his peremptory challenges. *Hammond* v. *Peden,* 224 Ark. 1053, 278 S. W. 2d 96 (1955).

V. Finally, at the hearing on the motion for a new trial one of the attorneys for the plaintiff made an affidavit stating that the foreman of the jury had told the attorney after the trial that the jurors had misunderstood the court's instruction with respect to the superior rights of the forward vehicle. We may dispose of this contention by repeating what we said in *Bailey* v. *Stewart,* 236 Ark. 80, 364 S. W. 2d 662 (1963): "Such an attempt to explain the verdict is incompetent, for reasons of public policy, and should not have been made."

Affirmed.