### ARKANSAS STATE HIGHWAY AND TRANSPORTATION DEPARTMENT *v.* MAGNOLIA LEASING CORPORATION, LOGICON, INC. and Arnold F. WATSON

CA 80-74                                    601 S.W. 2d 267
Court of Appeals of Arkansas
Opinion delivered July 2, 1980
Released for publication July 8, 1980

*Thomas B. Keys* and *Ted Goodloe*, for appellant.

*Coleman, Gantt, Ramsay & Cox*, by: *Martin C. Gilbert*, for appellees.

JAMES H. PILKINTON, Judge. The Arkansas State Highway Commission sued Magnolia Leasing Corporation, Logicon, Inc., and Arnold F. Watson for damages to a bridge on Interstate 30 over DeRoche Creek located near Malvern, Arkansas. Appellee Watson was driving a tractor-trailer truck hauling fuel oil while employed by Logicon, Inc. The vehicle was owned by Magnolia Leasing Corporation. The tractor-trailer left the Interstate, climbed on the guardrail and collided with the bridge. It then traveled the length of the bridge guardrail, fell over the bridge, and burst into flames. The driver escaped uninjured but the tractor-trailer and the load of fuel were consumed in the fire. The Interstate 30 bridge, on the northbound side, was damaged by the burning fire underneath.

The Arkansas State Highway Commission sought damages in the amount of $172,054.59. The appellees denied any negligence in connection with the incident; and specifically denied the amount of damages claimed by the appellant should any negligence be found for which appellees were responsible. After two full days of trial, the jury returned its unanimous verdict for the appellees. A motion for new trial was filed by appellants claiming that the verdict was against the preponderance of the evidence. This appeal

comes from the action of the trial court in refusing to grant a new trial on the alleged grounds that the verdict was contrary to the preponderance of the evidence.

There appears to be no disagreement that under Rule 59(a) of the Arkansas Rules of Civil Procedure the trial judge had the authority to set aside the jury verdict in favor of the defendants, and to order a new trial, if the trial court had found that the verdict was against the preponderance of the evidence. However, in this case, the trial court did *not* find the verdict of the jury to be against the preponderance of the evidence and, accordingly, it denied the motion for a new trial. The legal issue on appeal, therefore, is whether the trial court abused its discretion in allowing the jury verdict to stand.

Appellant has cited a number of cases in its brief; however, with one exception, all of the cases upon which appellant relies invokes appeals from a trial court's action in the *granting* of a new trial. Most cases cited recognize the prevailing law as just stated. *Twist* v. *Mullinix*, 126 Ark. 427, 190 S.W. 851 (1916) is the sole citation of authority by appellant which involved the action of a trial court in *denying* a motion for a new trial. That case is clearly distinguishable from the case before us. In *Twist* the trial court had specifically found and declared that "in my judgment the finding upon the question involved was clearly against the preponderance of the evidence." However, the trial judge in *Twist* refused to disturb the jury verdict merely because it was against the preponderance of the evidence. The trial judge in *Twist* clearly misapplied the law by refusing to set aside the verdict there even though he found it to be against the preponderance of the evidence; and the Supreme Court reversed. No such finding was made by the trial court in the present case, and hence no error of law was committed in denying the motion for a new trial.

Turning to the evidence in this case, the appellee Arnold F. Watson testified that he had slept during the previous day and, to him, it was the middle of the day when the accident occurred in the early morning hours. He testified positively that he was having no difficulty keeping awake and that he

was alert at the time of the accident. According to Mr. Watson's testimony, as he approached the bridge in question, he changed from the right to the left lane of the Interstate because the right lane was more uneven. There was no other traffic and, according to the driver, he was in no hurry to turn over into the other lane. According to him, he switched from the right to the left lane because of the condition of the bridge surface. This particular bridge was wavy on the right side and Mr. Watson said, "You get the smooth ride in the left lane." He stated that it was a common practice among truckers to change lanes for this reason not only for the personal comfort of the driver but also for the preservation and safety of the equipment. Mr. Watson testified that he had been using his Citizen's Band radio, which he was accustomed to doing while driving, and that this too was a normal practice or custom among truck drivers. Mr. Watson testified that his use of the CB radio had nothing at all to do with the accident. According to the driver, as he neared the bridge the front left tire of the truck "straddled" the joint between the concrete portion of the left lane and the asphalt shoulder on the left side. Suddenly and unexpectedly the truck pulled to the left and Mr. Watson was unable to keep it from striking the guardrail. After the accident and on inspection, Mr. Watson discovered that there was a 1/2 to 3/4 inch drop-off from the concrete portion of the left lane to the asphalt shoulder. He also later learned that his truck had been equipped with radial tires. Mr. Watson had not previously driven on radial tires, but since the accident he has learned that radial tires have a tendency to pull when driven over an uneven surface.

There is no evidence in this record to controvert Mr. Watson's testimony. Appellants introduced no testimony in an attempt to show that radial tires would not react exactly as Mr. Watson described. There was no evidence tending to show that Mr. Watson should have known of that characteristic of radial tires before the accident. There is absolutely no evidence that either of the other defendants should have known of that tendency before the accident. There is no testimony that Mr. Watson operated his truck any differently than would other truckers using the nation's highways.

It is important to remember that the appellant as plaintiff below had the burden of proving negligence by a preponderance of the evidence. The jury could, and obviously did, find that Mr. Watson had not acted negligently. There is substantial evidence in the record from which the jury could properly base a verdict for the defendants below. The defendants did not have the burden of proving freedom from negligence. As stated above, plaintiff had the burden of proving negligence on the part of the defendants. The jury found that plaintiff had not met this burden.

The mere fact that the truck struck the bridge does not of itself require a finding of negligence as a matter of law. Appellant argues, in effect, that it was entitled to a directed verdict even though Mr. Watson's own testimony, if believed by the jury, exonerates him from negligence. While Mr. Watson's testimony cannot be deemed uncontroverted since he is a party, the jury was certainly entitled to accept or reject Mr. Watson's explanation. It chose to believe him.

There is nothing in this record to suggest that the trial court misunderstood or misapplied the law in ruling on plaintiff's motion for a new trial. The trial judge obviously found that the jury's verdict was *not* contrary to the preponderance of the evidence. In *Bockman* v. *World Insurance Company*, 223 Ark. 665, 268 S.W. 2d 1 (1954), the trial court denied a motion for a new trial. In affirming on appeal, the Arkansas Supreme Court said:

> So, the sole question is: Was there any substantial evidence to support the jury's verdict? We hold that there was.

> In determining this issue, this Court, on appeal here, has long been committed to the following rules of law, so well established that citation of authorities is unnecessary. We are required to view the evidence in the light most favorable to the jury's verdict, and affirm if there be any substantial evidence to support it. The weight of the evidence and credibility of witnesses are solely within the jury's province. We are not concerned with where the preponderance of the evidence may be. This prerogative rests with the jury and the trial court.

See also, *Black* v. *Johnson*, 252 Ark. 889, 381 S.W. 2d 701 (1972); *Mason* v. *Loving*, 251 Ark. 356, 473 S.W. 2d 169 (1971); *Twist* v. *Mullinix, supra*.

Since the verdict of the jury in the case before us was supported by substantial evidence, we cannot say that the trial court abused its discretion in refusing to overturn the verdict.

Affirmed.