Joseph A. ORLANDO and Anna L. Orlando, Appellants,

v.

Tony ALAMO, Susan Alamo and The Tony and Susan Alamo Foundation, Appellees.

No. 80–1166.

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 10, 1980.

Decided April 24, 1981.

Chas. R. Garner, Law Offices of Chas. R. Garner, Fort Smith, Ark., for appellants.

Roy Gean, Jr., Gean, Gean & Gean, Attorneys at Law, Fort Smith, Ark., for appellees.

Before LAY, Chief Judge, HENLEY, Circuit Judge, and HANSON,* Senior District Judge.

HENLEY, Circuit Judge.

Appellants, Joseph A. Orlando and Anna L. Orlando, brought suit against appellees, Tony Alamo, Susan Alamo and The Tony and Susan Alamo Foundation (Alamo Foundation). Jurisdiction was based on diversity of citizenship, 28 U.S.C. § 1332. Appellees filed a motion to dismiss, contending that (1) the complaint failed to state a claim for which relief could be granted and (2) appellants' claims were barred by the statute of limitations. This motion was granted and an order entered accordingly. Appellants challenge that order and we affirm.

In substance appellants make the following allegations in their complaint. Joseph Orlando, Jr., appellants' son, voluntarily left his parents' home in November, 1972. Soon thereafter he became attracted to the Alamo Foundation and its religious teachings. During the next two years, until November, 1974, Joseph Orlando, Jr., periodically communicated with appellants and his siblings. From these communications appellants learned that their son, in conformance with the teachings and directives of the appellees and under their dominating influence, was repudiating his family in a way that caused appellants severe emotional distress.

Appellants contend that in the face of these allegations the district court's dismissal was erroneous. They contend their complaint states a claim for the alienation of their son's affections and for the Alamo Foundation's intentional infliction of severe emotional distress.

Initially, we note that courts should be reluctant to dismiss a complaint summarily, and to that end should construe pleadings liberally. *E. g., A. & P. Tea Co. v. Amalgamated Meat Cutters and Butcher Workmen Local 88*, 410 F.2d 650, 652–53 (8th Cir. 1969). The speedy and efficient administration of justice requires, however, that "[m]eritless claims . . . be disposed of at the first appropriate opportunity." *Hungate v. United States*, 626 F.2d 60, 62 (8th Cir. 1980).

A complaint is properly dismissed when it fails to state a claim for which relief can be granted, Fed.R.Civ.P. 12(b)(6), or is barred by the statute of limitations, *Guy v. Swift & Co.*, 612 F.2d 383, 385 (8th Cir. 1980). The district court, relying on Rule 12(b)(6), dismissed appellants' complaint without addressing the limitations issue.

The court determined that a claim for the alienation of a child's affection was not recognized under the law of Arkansas.[1]

Under Arkansas law, there is recognized a claim for the alienation of an individual's spouse, *e. g., Hardy v. Raines*, 228 Ark. 648, 310 S.W.2d 494 (1958); *Weber v. Weber*, 113 Ark. 471, 169 S.W. 318 (1914), and the basis of that claim is the loss of consortium, *Gibson v. Gibson*, 244 Ark. 327, 424 S.W.2d 871, 873 (1968). Apparently, a child has no commensurate claim for the alienation of a parent's affection. *Mode v. Barnett*, 235 Ark. 641, 361 S.W.2d 525, 528–29 (1962); *Lucas v. Bishop*, 224 Ark. 353, 273 S.W.2d 397 *passim* (1954).

Applying Arkansas case law to present circumstances, the district court determined that the Arkansas Supreme Court would not recognize a parent's right to recover for the alienation of a child's affec-

---

* The Honorable William C. Hanson, United States Senior District Judge for the Northern and Southern Districts of Iowa, sitting by designation.

1. At oral argument, both parties agreed that the law of Arkansas governs. Apparently, at least some of the conduct complained of occurred in Arkansas. Tony Alamo and Susan Alamo were residents of Arkansas and the Alamo Foundation had its principal place of business in Arkansas.

tion. This is consistent with the generally accepted rule. *See* 60 A.L.R.3d 931 (1974); Restatement (Second) of Torts § 699 (1977); *see generally Schuppin v. Unification Church*, 435 F.Supp. 603, 608–09 (D.Vt.), *aff'd*, 573 F.2d 1295 (2d Cir. 1977).[2] Since the Arkansas Supreme Court had not addressed the precise issue, the district court's determination was based on its prediction as to the state law. This prediction is well supported, and on questions of unsettled state law we give great weight to the district court's judgment. *See Bazzano v. Rockwell International Corp.*, 579 F.2d 465, 469 (8th Cir. 1978).

■ But assuming such a claim is recognized, we find it barred by the applicable statute of limitations. Ark.Stat.Ann. § 37–201 (Bobbs-Merrill Co. Supp.1979) provides that an action for alienation of affection must be commenced within one year from the date the action accrues. An action for alienation of affection accrues "when the loss of affections or loss of consortium is sustained." *Gibson v. Gibson*, 244 Ark. 327, 424 S.W.2d 871, 874 (1968). "It begins when alienation is fully accomplished, *i. e.*, when love and affection are finally lost." *Id.* Construing appellants' complaint liberally, we conclude that their son's affection was lost no later than November, 1974.[3]

Appellants had until November, 1975 to commence the present action. It was not commenced until November, 1979[4] and thus is barred.

■ Appellants also contend that their complaint states a claim for intentional infliction of emotional distress. To avoid summary dismissal, facts must be pleaded which support the prima facie elements. *Hungate v. United States*, 626 F.2d at 62. Appellants' allegations, accepted as true, must show (1) extreme and outrageous conduct, (2) willfully or wantonly performed, (3) which caused severe emotional distress. *M.B.M. Co. v. Counce*, 596 S.W.2d 681, 687 (Ark.1980).

The district court, although finding that appellees' conduct may have constituted "a terrible act," concluded as a matter of law that the conduct was not extreme and outrageous. Appellants had to allege conduct

so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized society.

*Id.*

■ Though appellees' alleged indoctrination program, religious teachings and tactics may be viewed with some consternation, we hesitate to characterize them as intolerable in a civilized society. In present circumstances, it would be unreasonable to conclude as much from the complaint. *See Hiland Dairy, Inc. v. Kroger Co.*, 402 F.2d 968, 973 (8th Cir. 1968), *cert. denied*, 395 U.S. 961, 89 S.Ct. 2096, 23 L.Ed.2d 748 (1969). We are dealing here with a recently established area of state law, *M.B.M. Co. v. Counce*, 596 S.W.2d at 687, and in light of

---

**2.** *Hammond v. Peden*, 224 Ark. 1053, 278 S.W.2d 96 (1955), however, may be inconsistent with the general rule. In *Hammond*, the husband filed a complaint alleging the alienation of his wife's and children's affections. A jury returned a favorable joint verdict. On appeal the court affirmed, concluding that sufficient evidence was presented to support a finding that the husband "no longer [had] the consortium of his wife and the companionship of his children." *Id.* at 99. In the present case the parents' claim stands alone, unlike *Hammond* where it was tangential to a claim of spousal alienation.

**3.** Appellants argue that since the injury is continuing the limitation period should not begin to run. This argument focuses on the nature and extent of the damage rather than on the question of when the injury was sustained.

**4.** Under Arkansas law, an action commences and the statute of limitations is tolled when the summons is issued and placed in the sheriff's hands for service. *Williams v. Edmondson*, 257 Ark. 837, 520 S.W.2d 260, 265 (1975); Ark.Stat. Ann. § 27–301 (1979). The record on appeal shows that the present action was commenced on November 7, 1979.

the district court's conclusion its development is better left to the state courts.[5]

■ Finally, any claim appellants might have for intentional infliction of emotional distress is barred by the statute of limitations. Appellants' tort claim is not specifically enumerated in any limitation provision, and arguably the five year limitation period found in Ark.Stat.Ann. § 37–213 (1962)[6] could apply. *Gibson v. Gibson*, 240 Ark. 827, 402 S.W.2d 647 *passim* (1966) (claim for alienation of affection);[7] *Darnell v. Lea*, 162 Ark. 516, 258 S.W. 363, 364 (1924) (claim for defilement and seduction).

Contrary authority indicates, however, that all tort claims, unless otherwise specified, are subject to the three year limitation period found in Ark.Stat.Ann. § 37–206 (1962). *Bankston v. Davis*, 262 Ark. 635, 559 S.W.2d 714, 714 (1978) (claim for contractual interference); *Burton v. Tribble*, 189 Ark. 58, 70 S.W.2d 503, 504 (1934) (claim for medical malpractice).[8] In *Lane v. Graves*, 525 F.2d 311, 313 (8th Cir. 1975), a case involving a claim for fraud, our court recognized this apparent conflict and applied the three year limitation period, suggesting "that section 37–206 [should] be applied to all torts except those specifically subject to another statute," *id.* Other cases from this circuit have found that tort claims are subject to a three year limitation

period. *Schenebeck v. Sterling Drug, Inc.*, 423 F.2d 919, 924 (8th Cir. 1970); *Hicks v. Missouri Pacific Railroad Co.*, 181 F.Supp. 648, 651 (W.D.Ark.), *appeal dismissed*, 285 F.2d 427 (8th Cir. 1960); *Air Leases, Inc. v. Baker*, 167 F.Supp. 145, 148 (W.D.Ark.1958).

Although the claims in the cited cases were not identical to the claim now before us, we nonetheless find them controlling and apply the three year limitation period. As previously noted, approximately five years elapsed between the accrual of appellants' claim and the commencement of the present action, and for that reason it is barred.

After examination of the record on appeal and careful consideration of the parties' briefs, we conclude that the order of the district court should be, and it is, affirmed.

---

5. In defining intentional infliction of emotional distress, the Arkansas Supreme Court recently relied heavily on the Restatement (Second) of Torts § 46 (1965). *M.B.M. Co. v. Counce*, 596 S.W.2d 681, 687 (Ark.1980). Section 46(2) provides as follows:

Where such conduct is directed at a third person, the actor is subject to liability if he intentionally or recklessly causes severe emotional distress

(a) to a member of such person's immediate family *who is present at the time* .... (Emphasis added.)

Subsection 46(2) appears applicable to the present facts, and we think it probable that the Arkansas Supreme Court would adopt it in an appropriate case. Appellants' complaint does not allege that they were present at the time of the alleged outrageous conduct.

6. "Actions not otherwise provided for—Five years.—All actions not included in the forego-

ing provisions shall be commenced within five (5) years after the cause of action shall have accrued." Ark.Stat.Ann. § 37–213 (1962).

7. This case was decided before the 1967 amendment to Ark.Stat.Ann. § 37–201 (Bobbs-Merrill Co. Supp.1979). Prior to this amendment, alienation of affection was not specifically enumerated in any limitation provision. By the 1967 amendment, alienation of affection was expressly made subject to the one year limitation period in section 37–201, and, as indicated, it is this one year limitation period that controls appellants' claim for alienation of affection.

8. A claim for medical malpractice is now subject to the two year limitation period found in Ark.Stat.Ann. § 37–205 (1962).