Robert A. SANDERS, Plaintiff,

v.

DANIEL INTERNATIONAL
CORPORATION,
Defendant.

No. 84–4447–CV–C–5.

United States District Court,
W.D. Missouri, C.D.

April 12, 1985.

Richard G. Callahan, Rost & Callahan,
Jefferson City, Mo., for plaintiff.

John E. Burruss, Jr., Hendren & Andrae,
Jefferson City, Mo., for defendant.

## ORDER

SCOTT O. WRIGHT, Chief Judge.

This diversity action currently awaits resolution of two matters—plaintiff's motion to strike paragraph 5 of defendant's answer and defendant's motion for summary judgment. Defendant asserts that plaintiff's malicious prosecution action, filed in this Court December 27, 1984, is barred by the applicable five-year Missouri statute of limitations, RSMo. § 516.120 (1978). Plaintiff concedes the passage of the limitation period, however, maintains the application of a "savings statute," RSMo. § 516.230, facilitates the prosecution of his lawsuit. For the following reasons, defendant's motion will be sustained.[1]

This lawsuit has followed a long and storied path to this Court. Pursuant to a 1978 theft of construction tools from the Callaway Nuclear Plant jobsite, Callaway County Prosecutor (now Judge) Gene Hamilton brought criminal charges against plaintiff. The charges, however, were dismissed shortly thereafter. Plaintiff successfully maintained a malicious prosecution suit against Hamilton in Phelps County, Missouri Circuit Court (on change of venue). The jury awarded plaintiff $100,-000 in actual damages and $250,000 in punitives. The Missouri Court of Appeals (Southern District) affirmed, but the Missouri Supreme Court, en banc, per the opin-

---

**1.** This Court acknowledges that it now faces the rather unenviable and difficult task of defining the scope of the Missouri "savings statute," RSMo. § 516.230. However, abstention or deferral of the task would avoid resolution of the instant issue; the remand of plaintiff's lawsuit to Phelps County, Mo. Circuit Court and its present viability there prevents the issue from being raised in the Missouri state courts. Notwithstanding the "virtually unflagging obligation" of a federal court to accept jurisdiction, the Court is nevertheless compelled to acknowledge and apply the Missouri statute of limitation in a diversity action of this type in response to a challenge to the timeliness of plaintiff's federal action.

ion of Justice Welliver "re-examined the law of malicious prosecution [in Missouri]" and declared the verdict-directing instruction used by plaintiff (MAI 16.01 (1981)) to incorrectly state the "malice" required to maintain such an action. After a 27-page opinion, the Missouri Supreme Court "reverse[d] and remand[ed]" plaintiff's action for a new trial consistent with their December 18, 1984 opinion.

■ The parties are in apparent agreement as to the applicable Missouri statute of limitations (RSMo. § 516.120) and the fact that this Court will apply it in the instant case. *See Erie Railroad Company v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). Furthermore, there is no dispute that the instant federal action was indeed filed beyond the limitation date prescribed by RSMo. § 516.120. Plaintiff necessarily relies on RSMo. § 516.230 "Further savings in cases of nonsuits, etc." as a vehicle by which to maintain this diversity action.

■ RSMo. § 516.230, commonly referred to as a "savings statute" affords prospective plaintiffs a one-year grace period in which to commence a new action if a previously filed, timely, lawsuit results in a *nonsuit* or after verdict for plaintiff the judgment is *arrested* or *reversed* on appeal or error. Relying on RSMo. § 516.230, plaintiff has filed a complaint in this Court that completely tracks the petition previously filed in the circuit court. Defendant insists that the suit is time-barred, as it was filed more than 5 years after the accrual of plaintiff's cause of action. Moreover, defendant maintains that the Missouri savings statute is inapplicable in that plaintiff's judgment was *reversed* and *remanded* to Phelps County Circuit Court, where it presently awaits re-trial. Defendant argues that the savings statute was neither designed, nor is it necessary, to facilitate the refiling of lawsuits, which though reversed were remanded and are currently "alive" in another forum. The Court agrees.

Despite the dearth of judicial interpretation of RSMo. § 516.230, the Court reaches its conclusion by examining the language and purpose of RSMo. § 516.230, as explained by a venerable decision of the Missouri Supreme Court.[2]

The determination of the scope of RSMo. § 516.230 depends on a declaration of its purpose. It is reasonable to conclude that in providing for "Further savings in cases of nonsuit, etc." the Missouri legislature intended to ensure that a plaintiff would not encounter a procedural bar to the [re]trial on the merits of a previously, timely, filed lawsuit terminated by reason beyond plaintiff's foresight or control. The savings statute neither re-creates nor resurrects a cause of action, it merely "saves" a plaintiff from the unfair effect of [delayed] termination of his action for reasons that could have been corrected had they been addressed earlier, i.e., prior to the running of the statute of limitations. Although savings statutes are remedial, and liberally construed, it is unnecessary for this Court to strain the effect of RSMo. § 516.230 beyond reason in an effort to eliminate obstacles invoked to escape trial upon the merits of a cause. *Cf. Guffey v. Mehan,* 457 F.2d 777, 778 (8th Cir.1972). This action will indeed be tried on the merits; the action presently pends in Phelps County Circuit Court. The continued viability of the lawsuit there demonstrates the inapplicability of RSMo. § 516.230 to the situation encountered by plaintiff.

By the clear language of the Missouri Supreme Court's opinion, this action was *reversed* and *remanded* for a new trial. The Missouri Supreme Court has previously been compelled to adjudicate the effect and office of a formal award of a new trial with a remanding of a cause for further proceedings in a lower court. *See e.g., Donnell v. Wright,* 199 Mo. 304, 97 S.W. 928 (1906). This singular decision, aged yet unchallenged, leads this Court to conclude that without suffering a reversal (as it is used in RSMo. § 516.230)—an independent step, complete in and of itself not to

**2.** *Donnell v. Wright,* 199 Mo. 304, 97 S.W. 928   (1906).

be followed by a new trial—plaintiff herein may not avail himself of the savings provisions found in RSMo. § 516.230.[3]

By its language, RSMo. § 516.230 encompasses only "nonsuits" and "reversals." As the Missouri Supreme Court carefully explains, a plaintiff's judgment reversed on defendant's appeal, with no final judgment entered by the Appellate Court, and no award of a new trial—simply a reversal and nothing more—is treated as a nonsuit. *Donnell v. Wright*, 97 S.W. at 930. The Missouri Supreme Court acknowledged that while the Circuit Court in such an instance is not repossessed of jurisdiction to go on in the same case, the plaintiff may again file suit, within a year, pursuant to the "savings statute," RSMo. § 516.230 (then RSMo. § 4285 (1895)). *See also Wente v. Shaver*, 350 Mo. 1143, 169 S.W.2d 947, 953 (1943). (Legislative intent of RSMo. § 516.230 is to ensure plaintiff a day in court to try merits of his cause, where prior proceedings fall short of that or judgment is reversed on error or appeal). Reversal of a judgment in plaintiff's favor, without more, is tantamount to a nonsuit, thus implicating the savings-statute. *Donnell v. Wright*, 97 S.W. at 930. Conversely, the reversal of plaintiff's judgment with a remand for new trial is more than a non-suit, and thus beyond the contemplation of the "savings" provisions of RSMo. § 516.230.

Law and logic dictate this result. The [reversal and] remanding for new trial obviates the need for such a savings provision. Plaintiff is of no need to refile the [remanded] lawsuit. Indeed, in such cases, the lawsuit remains viable in the Circuit Court to which the [Appellate] Court remands the action. The savings-statute should not confer the windfall plaintiff seeks herein. Once choosing the forum in which to litigate his action, plaintiff will not be allowed to remove it, in mid-stream as it were, to federal court through the use of a savings statute designed to ameliorate the prejudicial effect the inevitable passage of time works upon the prior dismissal of a lawsuit.

The reversal and remand of plaintiff's prior judgment precludes plaintiff's use of RSMo. § 516.230. The language of the statute clearly contemplates only situations of nonsuit and [mere] reversal. The remand of this action to the Phelps County Circuit Court obviates plaintiff's need for a "savings-statute" and further convinces this Court that it is unnecessary and improper to stretch the scope of RSMo. § 516.230 beyond logic and the plain language of the statute. Plaintiff desires to apply this statute to these facts in an attempt to "save" himself from re-trying this action in the Circuit Court of Phelps County, Missouri, where it presently pends trial. This the statute was not designed to do.

### Conclusion

Applying the 5-year Missouri statute of limitations as this Court must, and further finding the "savings" provision of RSMo. § 516.230 inapplicable to plaintiff's suit, the Court finds plaintiff's suit to be time-barred.

Accordingly, it is hereby

ORDERED that plaintiff's complaint be dismissed as time-barred by the applicable statute of limitations.

---

**3.** The Missouri Supreme Court in *Donnell* noted that an appellate court disposes of a case in one of [only] four ways—by the "award of a new trial," "reverse," "affirm the judgment of the circuit court," or "give such judgment as such court ought to have given" or as to the appellate court "shall seem agreeable to law." The Court's effort to distinguish between mere "reversal" and "reversal and remand" is particularly enlightening of the instant facts and contentions.