not prevail even if one recognizes the exception to the rule set forth in § 353 of the Restatement.[4]

*Summary.*

The Court believes that the facts adduced to this point in the case and applicable Missouri law yield the conclusion that it would be a substantial miscarriage of justice to allow recovery against any of the defendants after so long a lapse of time since their involvement with the Ristine facility. Had they acted only months before plaintiff's injury—rather than decades ago—it would still be highly debatable as to whether their actions fell below the standards of conduct recognized in this state for product manufacturers. Summary judgment will be entered in favor of all the remaining defendants.

**COLUMBIA PETROLEUM, INC., Plaintiff,**

v.

**Eric F. WADDELL, d/b/a Western Kansas Geomagnetics, Defendant.**

**No. 87–4031–CV–C–5.**

United States District Court, W.D. Missouri, C.D.

Nov. 23, 1987.

third party. The Court feels strongly that the circumstances here fit squarely within this doctrine.

F. Russell Millin, Stephen B. Millin, Jr., Wilkins & Millin, P.C., Kansas City, Mo., Tweedie Fisher, Jefferson City, Mo., for plaintiff.

Michael F. Saunders, Joseph J. Kelly, Jr., Kansas City, Mo., Jeffery A. Shadwick, Spencer, Fane, Britt & Browne, Wichita, Kan., for Eric Waddell.

## ORDER

SCOTT O. WRIGHT, Chief Judge.

Pending before the Court is defendant Eric F. Waddell's motion to dismiss the plaintiff's complaint, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the following reasons, this motion is denied.

## FACTUAL BACKGROUND

In March, 1980, the plaintiff and defendant entered into an agreement for defendant Waddell to make and forward to Columbia geology reports and structure maps regarding several land sites located in the State of Kansas. In these reports, defendant Waddell represented to plaintiff Columbia that a reasonable probability existed that oil in commercial quantities would be discovered on the land described in the respective geology reports and structure maps. The plaintiff Columbia alleges that these reports were drafted as a result of fraud or negligence and that the plaintiff suffered damage in reliance on these reports.

## STANDARD FOR GRANTING MOTION TO DISMISS

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for involuntary dismissal of the complaint for "failure to state a claim upon which relief can be granted." In construing this rule, the courts have been reluctant to dismiss a complaint and, therefore, are more inclined to treat pleadings liberally. *Orlando v. Alamo*, 646 F.2d 1288, 1289 (8th Cir.1981). However, where it is obvious from the face of the complaint that the statute of limitations has run, an action is properly subject to dismissal for failure to state a claim upon which relief may be granted. *Guy v. Swift & Co.*, 612 F.2d 383, 385 (8th Cir. 1980).

## ANALYSIS

### I. *Applicable Statute of Limitations*

The defendant Waddell claims that the two-year Kansas Statute of Limitations, K.S.A. 60–513, applies to this cause of ac-

tion, thereby barring consideration by this Court. After carefully considering the law on this issue, the Court is persuaded that the Missouri statute of limitations applies.

■ It is well-settled that in ruling on statute of limitations questions, a federal court must apply the law of the forum. *Guaranty Trust Co. v. York*, 326 U.S. 99, 108–09, 65 S.Ct. 1464, 1469–70, 89 L.Ed. 2079 (1945). Missouri considers statute of limitation issues to be procedural and, therefore, governed by Missouri law. *Renfroe v. Eli Lilly & Co.*, 686 F.2d 642, 646 (8th Cir.1982). The Missouri statute of limitations controlling in this case is the five-year limitation period outlined in *Mo. Rev. Stat.* § 516.120.

The defendant, however, argues that this action is barred by the Missouri borrowing statute of *Mo. Rev. Stat.* § 516.190. This statute provides that:

> [w]henever a cause of action has been fully barred by the laws of the state, territory or country in which it originated, said bar shall be a complete defense to any action thereon, brought in any of the courts of this state.

Based on this statute, it becomes clear that the initial inquiry is whether or not the Kansas statute of limitations applies because if it does, the Missouri borrowing statute, *Mo. Rev. Stat.* § 516.190, would bar this action.

■ In the case of *Kennedy v. Dixon*, 439 S.W.2d 173, 184 (Mo.1969) (en banc), the Missouri Supreme Court adopted the Restatement (Second) of Conflict of Laws § 145 (1971) for determining the substantive law to be applied in tort cases. Section 145 provides:

> "§ 145. The General Principle
>
> (1) The rights and liabilities of the parties with respect to an issue in tort are determined by the local law of the state which, with respect to that issue, has the most significant relationship to the occurrence and the parties under the principles stated in § 6.
>
> (2) Contacts to be taken into account in applying the principles of § 6 to determine the law applicable to an issue include:

> (a) the place where the injury occurred,
>
> (b) the place where the conduct causing the injury occurred,
>
> (c) the domicil, residence, nationality, place of incorporation and place of business of the parties, and
>
> (d) the place where the relationship, if any, between the parties is centered.
>
> These contacts are to be evaluated according to their relative importance with respect to the particular issue."

In applying these factors to the case at bar, it seems that Missouri has the most significant relationship to the occurrence. The comments to the Restatement (Second) indicate that "... when a person in State X writes a letter about the plaintiff which is received by a person in State Y, the local law of Y, the state where the publication occurred, will govern most issues involving the tort...." Restatement (Second) of Conflict of Laws § 145 comment e (1971). By analogy to the letter situation, it is evident that the report drafted in Kansas, but sent to Missouri, would lead to the conclusion that the injury occurred in Missouri.

Restatement factors (b) and (c) are not as conclusive in this case. It seems that the conduct causing the injury occurred in Kansas; and it is undisputed that the business of the defendant is in Kansas and that of the plaintiff is in Missouri. Factor (d), however, tips the scales back in favor of applying Missouri law. It is clear that the relationship between the parties is centered in Missouri. Missouri is the state from which the plaintiff made the agreement with the defendant, and the State to which the final geology reports and structure maps were sent. Therefore, it is the conclusion of this Court that Missouri Statute of limitations law shall apply to this action and the borrowing statute, *Mo. Rev. Stat.* § 516.190, will not be invoked to bar this action.

## II. *Timeliness of the Plaintiff's Complaint*

■ The defendant, in his motion to dismiss, also claims that, even if the Missouri

Statute of Limitations (*Mo.Rev.Stat.* § 516.120) applies, the action would still be barred by *Mo.Rev.Stat.* § 516.230. This statute is commonly referred to as the Missouri "savings statute." Its purpose is to give prospective plaintiffs a one-year grace period within which to commence a new action if a previously filed, timely lawsuit results in nonsuit. *Sanders v. Daniel Internat'l Corp.*, 616 F.Supp. 127, 128 (W.D. Mo.1985).

The chronology of the dismissals and re-filings of this lawsuit is convoluted. The pertinent facts are as follows:

On July 23, 1985, plaintiff sought leave to file a First Amended Complaint. On August 8, 1985, this Court granted the plaintiff's motion and ordered that the First Amended Complaint be filed, but it was, in fact, never filed. At a pretrial conference on December 10, 1985, the Clerk informed the Court that the First Amended Complaint had never been filed. At that time, the Court directed the Clerk to file the First Amended Complaint.

In the interim, the plaintiff had moved on November 21, 1985, to dismiss Counts I through IX of the First Amended Complaint without prejudice. Although this motion was granted by the Court, it was a nullity because there was no First Amended Complaint on file at the time that could have been dismissed. When this clerical error was discovered at the December 10, 1985, pretrial conference, the Court directed the plaintiff to refile his motion to dismiss. The plaintiff did so, and on February 6, 1986, the Court dismissed plaintiff's petition without prejudice.

This lawsuit was refiled on January 20, 1987. It is the conclusion of this Court that the filing was made in compliance with the Missouri savings statute, *Mo.Rev.Stat.* § 516.230. This ruling is not prejudicial to the defendant Eric F. Waddell because he was represented by counsel at the time of these filings and dismissals and no objection was made at that time.

Accordingly, it is hereby

ORDERED that defendant's motion to dismiss the plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) is denied.